**UNITED STATES of America, Plaintiff,**

v.

**Roderick J. HANKS, Defendant.**

No. 92–10087–01.

United States District Court,
D. Kansas.

May 3, 1993.

Reconsideration Denied May 25, 1993.

Kim Fowler, Asst. U.S. Atty., Wichita, KS, for plaintiff.

Cyd Gilman, Asst. Federal Public Defender, Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

Defendant Roderick Hanks was charged with possessing a firearm affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1), with possessing a machine gun in violation of 18 U.S.C. § 922(o), and with possessing a silencer, not registered to him, in violation of 26 U.S.C. § 5861(d). Defendant moved to suppress all evidence seized from the car which he was driving on June 24, 1992, any evidence from the blue bag found in the car, and any statements made by defendant.

On June 24, 1992, Officer Shourbaji met Officers Stone and Ojile and two witnesses at the corner of Douglas and Seneca. There had been an incident involving an unknown black male who drove a black Camaro and worked at the Midnight Modeling Agency. The suspect had threatened these two individuals with a firearm; Officer Shourbaji was unaware, however, as to when the fracas

involving the suspect had occurred. While the officers were talking with the witnesses, defendant drove east on Douglas in a black Camaro. Although Officer Shourbaji testified that he was unable to see the driver, the two complainants identified the driver as the man in question. As the defendant drove away, Officer Shourbaji followed with his emergency lights flashing.

After stopping, defendant got out of his car and threw a nylon gym bag into his trunk. Officer Shourbaji ordered defendant to stop, but defendant ignored the order. While defendant was walking to his trunk, Officer Shourbaji ordered him to stop and pointed his gun at him. Officer Shourbaji testified that he believed defendant was not free to leave at that time. When asked why he ignored the officer's directive, defendant responded, "There's a gun in the bag and it's my wife's." Although this is what the officer put in his report, defendant contends that he only responded by asking why he was stopped. Officer Shourbaji did not read defendant his *Miranda* rights before asking him this question.

The police placed defendant under arrest for carrying a concealed weapon. The police then opened the trunk and the gym bag. Officers discovered a .22 caliber pistol, a homemade silencer, and a bag of marijuana in a film container. All three items were found in the gym bag.

### The Stop

The initial stop of defendant's car must be justified under constitutional principles of the Fourth Amendment. In *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981), the Court stated that an initial stop must be justified by showing that the defendant is or is about to be engaged in criminal activity, or there must be reasonable grounds to believe that the person is wanted for past criminal conduct. *Id.* at 417 n. 2, 101 S.Ct. at 695 n. 2. The Court reaffirmed this opinion in *United States v. Hensley*, 469 U.S. 221, 229, 105 S.Ct. 675, 680, 83 L.Ed.2d 604 (1985), wherein the Court held that police have the authority to detain a person for investigative purposes if they have a reasonable suspicion supported by articulable facts

of criminal activity or involvement in a completed crime. *Florida v. Royer*, 460 U.S. 491, 498, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983). This reasonable suspicion of the officers need not be based on full probable cause. The standard must be judged under the totality of the circumstances. *United States v. Sokolow*, 490 U.S. 1, 8, 109 S.Ct. 1581, 1586, 104 L.Ed.2d 1 (1989); *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968).

■ In this case, the officers had eyewitness identification of the defendant as the man who had previously threatened them with a firearm. The car of the defendant was identical to the car described by the witnesses. Officer Shourbaji testified, however, that he could not see the driver of the car or whether the driver was an African-American. But reasonable suspicion can be based upon a report from another party. *Hensley*, 469 U.S. at 232, 105 S.Ct. at 682. Thus, under the totality of the circumstances test, the officers had enough facts to justify their suspicion of criminal activity on the part of defendant, and the facts of this case support the initial stop of defendant's car.

A warrantless search incident to a valid *Terry* stop is lawful for Fourth Amendment purposes. The case law discussing this exception generally focuses on frisking the driver of a car. In *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), however, the Court addressed the scope of this exception. In *Michigan*, the Court focused on a search of the passenger compartment of the automobile. The Court held that the search of the passenger compartment of an automobile, limited to the areas where a weapon may be hidden, is valid if reasonably warranted. *Id.* at 1049, 103 S.Ct. at 3481. This exception, however, does not address the search of the trunk or the gym bag in the trunk. To ascertain the validity of the search in this case, the court must first determine whether or not an arrest was made of defendant.

### Arrest and Interrogation

The issues before the court are whether the defendant was placed under arrest when

Officer Shourbaji drew his gun, and whether the question Officer Shourbaji asked the defendant constituted a custodial interrogation. Defendant argues that he was effectively placed under arrest by the officers when they initially stopped him. By not giving the suspect his *Miranda* warnings, the question by Officer Shourbaji concerning what defendant had in his gym bag would be an improper interrogation. Defendant further argues that this improper interrogation gave rise to the probable cause to search the entire vehicle. Thus, the question before this court is whether or not the *Terry* stop effectively became an arrest of defendant.

Anyone in police custody and accused of a crime, no matter how minor the crime, must be given *Miranda* warnings prior to interrogation. *Berkemer v. McCarty*, 468 U.S. 420, 429, 104 S.Ct. 3138, 3145, 82 L.Ed.2d 317 (1984). Whether a person is in custody depends on whether or not the person's freedom of action is denied in a significant way. The more a setting resembles a traditional arrest, the more likely the Supreme Court has found it to be custodial. If the suspect's freedom is curtailed to a degree associated with a formal arrest, he will be entitled to the full panoply of protections prescribed by *Miranda*. *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983); *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977).

■ The Eighth Circuit reminds us that there is "no litmus-paper test or sentence or paragraph rule to determine when, given the endless variations in facts and circumstances, police-citizen encounters exceed the bounds of mere investigative stops." *United States v. Jones*, 759 F.2d 633, 636 (8th Cir.), *cert. denied*, 474 U.S. 837, 106 S.Ct. 113, 88 L.Ed.2d 92 (1985). An investigative stop becomes an arrest when the officers' conduct is more intrusive than necessary for investigative purposes. *United States v. Rose*, 731 F.2d 1337, 1342 (8th Cir.), *cert. denied*, 469 U.S. 931, 105 S.Ct. 326, 83 L.Ed.2d 263 (1984). In the name of investigating a person who is no more than suspected of criminal activity, the police may not "seek to verify their suspicions by means that ap-

proach the conditions of arrest." *Royer*, 460 U.S. at 499, 103 S.Ct. at 1325.

In *United States v. DiGiacomo*, 579 F.2d 1211 (10th Cir.1978), the court held that where the defendant was kept apart from his companion, told he was suspected of a crime, told he had to surrender any counterfeit money he had, and informed that he could be arrested, the defendant's status was "functionally equivalent to an arrest." *Id.* at 1214. In that case the court held that *Miranda* warnings were necessary.

But to hold that any complete, albeit brief, restriction of liberty is an arrest would defeat the purpose of investigative stops. Officers would have few alternatives to consensual encounters short of arrest. Thus, courts have held that an officer may impose a momentary restriction on freedom of movement while making an initial inquiry, provided that the force displayed is not excessive. *Jones*, 759 F.2d at 638; *United States v. Patterson*, 648 F.2d 625, 633 (9th Cir.1981). Even the investigative stop in *Terry* involved some physical force by the police. *Terry*, 392 U.S. at 7, 88 S.Ct. at 1872. In other cases, handcuffing the suspects or placing them in the caged rear of the police car have been held not to convert the stop into an arrest when reasonable as a protective measure. *See United States v. Bautista*, 684 F.2d 1286, 1289–90 (9th Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1206, 75 L.Ed.2d 447 (1983); *United States v. Harley*, 682 F.2d 398, 402 (2d Cir.1982).

■ Under the standard of the Tenth Circuit, an encounter which is characterized by a highly intrusive or lengthy search or detention is an arrest. *United States v. Evans*, 937 F.2d 1534, 1537 (10th Cir.1991); *United States v. Santillanes*, 848 F.2d 1103, 1106 (10th Cir.1988); *United States v. Cooper*, 733 F.2d 1360, 1363 (10th Cir.), *cert. denied*, 467 U.S. 1255, 104 S.Ct. 3543, 82 L.Ed.2d 847 (1984). Thus, this court must look both to the intrusiveness of Officer Shourbaji's behavior or the length of time involved in the detention. The relevant focus is how a reasonable person in the suspect's position would have understood his situation. *Berkemer*, 468 U.S. at 442, 104 S.Ct. at 3151.

■ In the case before this court, the defendant was effectively under arrest when Officer Shourbaji confronted him at gun point when stopping his vehicle. Officer Shourbaji pointed his gun at defendant and ordered him to stop when defendant alighted from his car. The officer also testified that defendant was not free to leave at this point in time. Unlike the cases where officers have drawn their guns and not put a suspect in custody, the drawing of a gun in this case was highly intrusive and out of balance with the law enforcement interests at stake. By pointing his gun at the defendant and informing him that he could not leave, Officer Shourbaji exceeded the *Terry* stop investigative detention.

This court is well aware of situations which give rise to officers having to point guns at suspects. But, for the above stated reasons, this case marks an exception, and this court finds that defendant was effectively placed under arrest when Officer Shourbaji drew his gun and pointed it at defendant. Any reasonable person in defendant's position would have felt that he or she was under arrest at that moment.

■ An arrest of a person constitutes a seizure for Fourth Amendment purposes. Probable cause to arrest is present when, at the time of arrest, the officer has within his knowledge reasonably trustworthy facts and circumstances sufficient to warrant a reasonably prudent person to believe that the suspect has committed or is committing a crime. *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 226, 13 L.Ed.2d 142 (1964).

■ Officer Shourbaji had probable cause to make the arrest. Due to the type of crime alleged, the officers had reason to believe that the suspect was a potentially dangerous individual. Also, the suspect and his car had been identified by two eyewitnesses when he drove past them on Douglas. Even the location where the witnesses spotted the defendant was near the place where the earlier criminal incident had allegedly occurred. Given these circumstances, the court can find that a reasonably prudent person could believe defendant had committed a crime and thereby have probable cause to arrest defendant.

■ Once in custody, the defendant has certain constitutional protections concerning interrogations by police officers. Detention of a motorist pursuant to a traffic stop is presumptively temporary. A motorist's expectations are that he or she will be obliged to spend only a short time answering questions and then will be allowed to continue on his or her way. Thus, questioning incident to a traffic stop is different from an interrogation. *Berkemer,* 468 U.S. at 437–38, 104 S.Ct. at 3148–49. In the case of a stop that effectively constitutes an arrest, however, the custodial situation requires *Miranda* warnings.

The core of the Supreme Court's holding in *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966), was that the prosecution may not use statements stemming from "custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Interrogation refers both to express questioning and to any words or actions by the police that are reasonably likely to elicit an incriminating response. *Rhode Island v. Innis,* 446 U.S. 291, 300–01, 100 S.Ct. 1682, 1689–90, 64 L.Ed.2d 297 (1980). For purposes of *Miranda,* it is enough for the court to decide that what the officer said could reasonably have had the force of a question on the accused. *Innis,* 446 U.S. at 301–02, 100 S.Ct. at 1689–90; *Harryman v. Estelle,* 616 F.2d 870, 874 (5th Cir.); *cert. denied,* 449 U.S. 860, 101 S.Ct. 161, 66 L.Ed.2d 76 (1980). *Miranda,* however, does not apply to spontaneous statements by the suspect or to routine booking questions. *Pennsylvania v. Muniz,* 496 U.S. 582, 604–05, 110 S.Ct. 2638, 2652, 110 L.Ed.2d 528 (1990).

In the present case, Officer Shourbaji asked the defendant why he had continued to walk to the rear of the car with the bag and place it in the trunk when he had been ordered to stop. This question could only elicit an incriminating response because at the very least it refers to the reasons why the defendant was attempting to evade the arrest to which Officer Shourbaji effectively subjected defendant. As it turned out, the

response was actually incriminating, as it tended to corroborate the eyewitnesses' claim against defendant.[1] The question was not a routine booking question by the officer. Nor was the question an offhand remark. Officer Shourbaji should have known that it was reasonably likely that defendant would respond.[2] The words obviously had the force of a question on the accused and were specifically concerned with the behavior and the possessions of the accused. The officer's comment can only be construed as a question which could elicit an incriminating response by the defendant.

Because the question constitutes an interrogation under *Miranda*, and because no *Miranda* warnings were given before asking the question, the question violated defendant's Fifth Amendment rights. Due to the constitutional violation, the statement will be suppressed. Also, because the statement was elicited in violation of defendant's Fifth Amendment rights, any use of the statement as the basis for probable cause to search the trunk is invalid as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

### Search of the Trunk

The Fourth Amendment also provides constitutional safeguards against unreasonable searches and seizures. There was no warrant in this case. There are, however, certain circumstances where a warrantless search is reasonable and therefore valid under the Fourth Amendment. The two involved in this case are: (1) the "automobile" exception, and (2) search incident to a lawful arrest.

### (1) "Automobile" exception

■■■ Under the automobile exception to the prohibition against a warrantless search, if the police have probable cause to believe that a vehicle contains the evidence of crime, they may search the vehicle without a warrant. *Carroll v. United States*, 267 U.S. 132, 149, 45 S.Ct. 280, 284, 69 L.Ed. 543 (1925).

If probable cause to search a vehicle exists, the police may search the entire vehicle, including the trunk and all containers within the vehicle that might contain the object for which they are searching. *United States v. Ross*, 456 U.S. 798, 820–21, 102 S.Ct. 2157, 2170–71, 72 L.Ed.2d 572 (1982). If the police only have probable cause to search a container recently placed in the vehicle, they may search that container, but the search may not extend to other parts of the car. *California v. Acevedo*, —— U.S. ——, ——, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619, 634 (1991).

■■■ The problem with the above-stated warrantless search exception is that there must be probable cause to proceed. The probable cause in this case stemmed from the questioning of defendant by Officer Shourbaji with regard to what defendant was carrying in his gym bag. Without that statement from defendant, the officers had no probable cause to search the trunk. Thus, the lawfulness of the search is contingent upon the earlier questioning being valid under the Fifth Amendment.

Having found that the interrogation of the defendant violated his Fifth Amendment rights, this court cannot find that the officers had probable cause under this exception to search the trunk of defendant's car. To allow that statement to be the basis for the probable cause would violate defendant's constitutional rights in the same way that the initial interrogation did. Thus, the search cannot be justified under the automobile exception to the prohibition against a warrantless search.

### (2) Search incident to a lawful arrest

■■■ Another exception to the prohibition against a warrantless search is a search incident to a lawful arrest. Because the arrest was lawful—i.e., based on probable cause— the officers could search the vehicle. But the officers could only search the areas into which the defendant might reach to obtain weapons or destroy evidence—his "wing-

---

**1.** "Incriminating response" refers to any response that the prosecution seeks to introduce at trial. *Innis*, 446 U.S. at 301 n. 5, 100 S.Ct. at 1690 n. 5.

**2.** The focus is on the perception of the suspect. *Innis*, 446 U.S. at 301, 100 S.Ct. at 1690.

span," the area within his immediate control. *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969). In terms of a vehicle search when the driver is in the vehicle, this rule extends to searches of the passenger compartment, but not the trunk. *New York v. Belton,* 453 U.S. 454, 460 n. 4, 101 S.Ct. 2860, 2864 n. 4, 69 L.Ed.2d 768 (1981). The question presently before the court concerns the immediate area that was under defendant's control when he was effectively arrested at some point outside the car.

Defendant opened the trunk and threw his gym bag in it while effectively under arrest. The trunk and bag were both under his immediate control when he was arrested. If defendant had not deposited his bag in the trunk, the officers could not have constitutionally searched the trunk pursuant to this warrantless search exception. But defendant's actions in this case brought the trunk and bag under his immediate control for purposes of this search. By leaving the car and opening the trunk, defendant enlarged the area within his immediate control. Under the reasoning of *Chimel,* this court finds that the search of the trunk was constitutional as incident to a lawful arrest. Because the search was constitutional, the gun and drugs discovered during the search will not be suppressed.

IT IS ACCORDINGLY ORDERED this 3 day of May, 1993, that defendant's motion to suppress statements made by defendant at the time of his arrest will be granted. Defendant's motion to suppress items found in the trunk of his car will be denied.

## ON MOTION FOR RECONSIDERATION

In response to this court's earlier order dated May 3, 1993, defendant moved for reconsideration of the denial of his motion to suppress items found in the trunk of his car. For the reasons that follow, defendant's motion for reconsideration will be denied.

A motion to reconsider gives the court an opportunity to correct "manifest errors of law or fact and to review newly discovered evidence." *Dees v. Wilson,* 796 F.Supp. 474, 475 (D.Kan.1992). Thus, the motion will be granted where the court has "obviously mis-apprehended a party's position, the facts, or mistakenly has decided issues not presented for determination." *Id.*

Defendant has again questioned the constitutionality of the search of defendant's trunk. This court previously held that the trunk and the bag placed therein were under defendant's control when he was effectively arrested. Defendant, however, argues that neither the bag nor the trunk was under his immediate control when Officer Shourbaji searched the trunk.

In *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969), the Supreme Court held that a search incident to a lawful arrest was justified to prevent a defendant from concealing or destroying evidence. Thus, any areas into which the defendant might reach to conceal or destroy evidence are subject to this rule. *Id.* In this case, the bag was under the control of the defendant when he was effectively arrested by Officer Shourbaji. During the time he was under arrest, defendant attempted to conceal evidence by opening the trunk and throwing the bag in the trunk.

In *New York v. Belton,* 453 U.S. 454, 460 n. 4, 101 S.Ct. 2860, 2864 n. 4, 69 L.Ed.2d 768 (1981), the Supreme Court held that the trunk was not within the arrestee's immediate control. In that case, however, the driver was arrested immediately upon leaving the driver's seat of the car and never approached the trunk of his car. A search of the trunk in that type of case does not fall under the exception relied upon by the court in the present case. Generally, officers cannot constitutionally search the trunk of a car incident to a lawful arrest. But the cases holding this have not dealt with an arrestee concealing evidence in his trunk while under arrest. In the present case, the trunk came under the defendant's immediate control for Fourth Amendment purposes when he, while under arrest, opened the trunk and attempted to conceal evidence by placing his bag in the trunk.

IT IS ACCORDINGLY ORDERED this 25th day of May, 1993, that defendant's mo-

tion to reconsider this court's earlier order is denied.