**UNITED STATES of America, Plaintiff–Appellant/Cross–Appellee,**

v.

**Roderick J. HANKS, Defendant–Appellee/Cross–Appellant.**

Nos. 93–3169, 93–3184.

United States Court of Appeals, Tenth Circuit.

May 17, 1994.

**1236**

David M. Lind, Asst. U.S. Atty. for the Dist. of Kansas, (Randall K. Rathbun, U.S. Atty., and Kim M. Fowler, Asst. U.S. Atty.), for plaintiff/appellant.

Cyd Gilman, Asst. Federal Public Defender for the Dist. of Kansas, for defendant/appellee.

Before BALDOCK and EBEL, Circuit Judges, and CARRIGAN, District Judge.*

EBEL, Circuit Judge.

The United States appeals from the suppression of certain statements by the Defendant–Appellee, Roderick Hanks, that the district court found to be obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). Hanks has been indicted on three counts: felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); possession of a machinegun, in violation of 18 U.S.C. § 922(*o*); and possession of a silencer not registered to him, in violation of 26 U.S.C. § 5861(d). In turn, Hanks cross-appeals from the district court's rejection of his motion to suppress physical evidence found in the trunk of his car. Because the government failed to meet all the requirements needed to take this interlocutory appeal in a timely fashion, we dismiss its appeal. Since we lack jurisdiction over Hanks' cross-appeal, we dismiss it as well.

The United States relies upon 18 U.S.C. § 3731 as the basis for this appeal. Section 3731 reads, in part:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [sic] suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the

---

* Honorable Jim R. Carrigan, United States District Judge for the District of Colorado, sitting by designation.

evidence is a substantial proof of a fact material in the proceeding.

. . . . .

The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

The provisions of this section shall be liberally construed to effectuate its purposes.

In its May 3, 1993 Order, the district court granted Hanks' motion to suppress certain statements he made to police, 821 F.Supp. 1425. The government filed an appeal pursuant to § 3731 on June 1, 1993, which fit into the 30 day window set by the statute. However, the government did not file with the district court its certification that it was not taking the appeal for purposes of delay until August 24, 1993. The government has still not formally made this certification part of the record on appeal, but has attached a copy of the certificate as an exhibit to its most recent supplemental brief filed on February 8, 1994.

■ At oral argument, we asked the parties to file supplemental briefs on the issue of the late certification. In its supplemental brief, the government correctly points out that the failure to file a timely certification does not divest this court of jurisdiction to hear an appeal, as would a failure to file the notice of appeal within 30 days from the district court's opinion. *United States v. Martinez*, 681 F.2d 1248, 1254 (10th Cir. 1982). "The statute allowing a Government appeal does not expressly set a time limitation for certification. A failure to file the certificate within thirty days is an irregularity in perfecting the appeal but does not operate to deprive the court of jurisdiction." *United States v. Welsch*, 446 F.2d 220, 224 (10th Cir.1971). *Accord United States v. Salinas–Calderon*, 728 F.2d 1298, 1300 (10th Cir.1984); *United States v. Becker*, 929 F.2d 442, 445 (9th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 183, 116 L.Ed.2d 145 (1991); *United States v. Miller*, 952 F.2d 866, 875 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 3029, 120 L.Ed.2d 900 (1992); *United States v. Kleve*, 465 F.2d 187, 190 (8th Cir. 1972).

However, this does not end our inquiry. Rule 3(a) of the Federal Rules of Appellate Procedure guides our treatment of filing irregularities:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.

*See Kleve*, 465 F.2d at 190 (applying Fed. R.App. 3(a) to late filing of § 3731 certificate, but exercising its discretion to hear the case); *Becker*, 929 F.2d at 445 (same).

Two other circuits have indicated that this discretion might be used to dismiss a government appeal in cases where the government filed the § 3731 certification late. The Ninth Circuit, in *United States v. Eccles*, 850 F.2d 1357, 1359–60 (9th Cir.1988), espoused a prospective rule in 1988 that it would "entertain no future section 3731 appeals unless the appropriate certificate is incorporated in the record on appeal." In *Eccles*, the court accepted the appeal on its merits because it thought that its precedent—holding that late filing of the certificate did not destroy appellate jurisdiction—compelled it to hear the merits. *Id.* at 1359.

In a subsequent case, the Ninth Circuit rejected the per se rule prospectively announced in *Eccles*, and instead determined that "permitting the late filing of such a certificate falls within the discretion of the court." *Becker*, 929 F.2d at 445. In *Becker*, the government initially failed to file a certificate. The defendant pointed this out for the first time at oral argument. After oral argument, the government filed a certificate in the district court and moved the Ninth Circuit for permission to supplement the record on appeal with a copy of the certificate. The *Becker* court allowed the government to supplement the record and proceeded to rule on the merits. *Id.* It exercised its discretion to hear the appeal for three reasons. First, it stated that there was no prejudice to the defendant because he was out on bond during the pendency of the appeal. *Id.* Second, any delay had already been incurred and vacating the appeal would not have been

curative.[1] *Id.* Finally, the court noted that defendant's counsel "deliberately obfuscated the issue" by not making any objection to the lack of certificate until oral argument. *Id.* ("Had the issue been raised earlier, it could have been dealt with before this panel invested considerable time and energy in reading the briefs, reviewing the record, and preparing for oral argument.").

In *Miller*, 952 F.2d at 875, the Fifth Circuit disallowed a government appeal when the government filed its certificate six months after its notice of appeal and after briefing had occurred in the court of appeals. The court noted that the tardy filing did "not rise to jurisdictional dimensions," but that the equities of the case did not support excusing the late filing. *Id.* (citing *United States v. Crumpler*, 507 F.2d 624 (5th Cir. 1975)). Citing the lateness of the certificate, the court noted:

> [The certificate] was filed only after the defendants raised the issue of its absence in their briefs to this Court. If the requirement of the timely filing of a certificate is to have substantial meaning, the government's appeal here should be dismissed. Indeed, the purpose of the certificate requirement is to ensure the government has verified the propriety of its appeal, and so certified to the district court, at the time it files its notice of appeal. That purpose is defeated by the perfunctory filing of the certificate after the appeal has been docketed and briefed and within days of its argument in this Court.

*Miller*, 952 F.2d at 875.

■ The circumstances surrounding the instant case lead us to dismiss the government's appeal. Admittedly, the delay in filing the certificate with the district court in this case, two and one-half months, was less than that in *Becker* or *Miller*. Further, Hanks has been out on bond during this time. Nonetheless, the government's appeal has delayed final resolution of this case, which we do not doubt weighs heavily on the defendant's mind, even though he is free on bond. *United States v. Loud Hawk*, 474 U.S. 302, 311, 106 S.Ct. 648, 654, 88 L.Ed.2d 640 (1986) ("The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.") (quoting *United States v. MacDonald*, 456 U.S. 1, 8, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696 (1982)).

Further, unlike in *Becker*, Hanks raised, early in the appeal, the issue that the government had not filed a certificate. Hanks called attention to the problem in a jurisdictional memorandum brief filed with this court on July 15, 1993, only one month after the government filed its notice of appeal. The government thereafter filed the certificate with the district court in August 1993. However, the government made no attempt to supplement the record on appeal or otherwise to inform this court that the certificate was filed or to respond to the Hanks motion. Hanks again raised the issue in his answer brief on the merits. The government did not address the issue in its briefs prior to oral argument. Thus, this court was required to devote its resources to this issue because of the government's failure first to comply with § 3731 and then to notify this court of its late compliance. It was not until oral argument that we learned that the government had filed its certificate with the district court. In the government's supplemental brief on the § 3731 issue, which we requested at oral argument, the government made no effort to explain why it had not filed the certificate as required, or to suggest why equitable concerns might support hearing this interlocutory appeal or even to acknowledge that the certification requirement in § 3731 should be taken seriously. Rather, all the government did was to assert the obvious, that § 3731 is not a jurisdictional requirement—as if the

---

1. We note that this factor would be present in any case in which an appeals panel faces the § 3731 issue after oral argument and briefing. However, the purpose of the certification requirement is to prevent undue delay in the first instance by requiring the U.S. Attorney to verify the propriety of the appeal at the point at which it is taken. The requirement would lose meaning if we excuse late performance on the ground that harm is incurable at that point.

only obligations the government need obey are jurisdictional obligations.

We believe that we must give meaning to the § 3731 requirement that the government certify that it is taking the appeal for a proper purpose. "[T]he certificate process cannot serve its function unless the responsible prosecuting official makes a thorough and conscientious analysis of the case *before* deciding to appeal. The certificate is the official's representation that such an analysis has been made, and we must therefore require the certificates to be filed promptly." *United States v. Herman,* 544 F.2d 791, 794 n. 4 (5th Cir.1977). A certification that the appeal has not been taken for the purpose of delay would be a hollow protection for a defendant's right to resolve his or her case quickly if we were regularly to allow prosecutors to wait months before verifying the propriety of their appeals without requiring some explanation for the delay or some showing of why we should accept the late filing of the certificate. Post hoc certification that an appeal was not taken for the purposes of delay reduces the § 3731 requirement to meaningless formality.

 Because § 3731 admonishes us to construe the statute liberally to effectuate its purposes, we stress that we are not establishing a per se rule that all government appeals in which there has been an untimely filing of the certificate must be dismissed. To the contrary, we will look "liberally" at any explanation offered by the government for its failure to comply with this requirement. So long as the defendant is unable to show actual substantial prejudice, delays even much longer than the two and one-half months involved here may be excused. In addition, when the underlying appeal raises important legal issues needing appellate clarification, in the interest of justice, or for any significant other reason to hear the interlocutory appeal, we may excuse the late filing of a § 3731 certificate. Here, however, the government has failed to make any such showing. Not only did the government offer no explanation for its delay, but it apparently thought so little of the statutory obligation that it did not even bother to respond to the appellee's argument or to advise us of its late filing of the certificate until we explicitly confronted the issue during oral argument. On this record, we see no reason to excuse the government's failure timely to comply with the § 3731 certification requirement.

 Because we dismiss the government's § 3731 interlocutory appeal, we also dismiss Hanks' cross-appeal for lack of jurisdiction. Hanks argues that we should hear his appeal because the issues involved in the question of whether to suppress his statements and physical evidence against him are closely intertwined. However, because we decide not to review the government's appeal on the merits, Hanks can not piggyback on the government's appeal. Hanks' appeal cannot stand on its own because the denial of a motion to suppress evidence is not immediately appealable. *DiBella v. United States,* 369 U.S. 121, 131, 82 S.Ct. 654, 660, 7 L.Ed.2d 614 (1962); *Matter of Search of Premises Known as 6455 South Yosemite, Englewood, Colo.,* 897 F.2d 1549, 1554 (10th Cir.1990).

Accordingly, we DISMISS the appeal and cross-appeal.