HULL, Circuit Judge,
dissenting:
This case presents an issue of first impression in this Circuit. I agree with the majority’s conclusions that: (1) the government’s failure to file a timely section 3731 certificate does not oust jurisdiction but constitutes only a “filing irregularity”; and (2) how this Court treats the government’s untimely section 3731 certification is discretionary. I dissent because this appeal should not be dismissed for these reasons: (1) the government’s certificate was filed shortly after its notice of appeal; (2) the defendant, free on bond, did not object; (3) the government’s appeal of the suppression of virtually all evidence against the defendant is not taken for delay; and (4) the government’s Motion for Reconsideration in the district court and the significant legal issues in the suppression order demonstrate that the government’s appeal is justified and not perfunctory. The majority opinion contravenes Congress’s statutory instruction that “[t]he provisions of this section shall be liberally construed” to effectuate its purpose of allowing interlocutory appeals by the government. 18 U.S.C. § 3731.[1]
*1208 First, the government’s certificate was filed within a month of its notice of appeal.[2] This Court often excuses similar “filing irregularities” by defendants’ counsel and should afford government’s counsel equal treatment. Second, the defendant did not object initially. Instead, this Court, raised the issue. Only then did the defendant brief the issue at the Court’s direction.
Third, the majority concludes that the government’s assertion of a conscientious pre-appeal analysis lacks support in the record and that permitting the prosecutor’s untimely certificate defeats the purpose of the certification process. I disagree. The record demonstrates a principled appeal and certificate, and not a purely ad hoc certificate by the prosecutor as the majority finds. The district court orally suppressed virtually all evidence and later entered a detailed suppression decision published at 966 F. Supp. 1082 (N.D. Ala. 1997). The record shows that at the time of the oral ruling, the government indicated an appeal would be filed. The district court also entered an order acknowledging that the government asserted that “it cannot proceed to trial without the suppressed evidence.” United States v. Salisbury, CR 97-AR-74-NE (N.D. Ala. May 7, 1997). The government also filed an extensive Motion for Reconsideration in the district court pointing out why the suppression order involved important legal issues and should be revisited. The government’s section 3731 brief attaches that Motion for Reconsideration as evidence of the government’s pre-appeal analysis of the legal issues. The record sufficiently demonstrates that the government made a conscientious pre-appeal analysis but inadvertently omitted the certificate.
Moreover, the nature of the legal issues makes it self evident that the government’s decision to appeal was principled and not perfunctory. The defendant, employed by a private company contracting with the Tennessee Valley Authority, was interviewed at his work place by a special agent of the Office of the Inspector General of the TVA. The agent was conducting a civil investigation of possible fraudulent travel vouchers of that private company’s employees. The district court suppressed virtually all evidence against this defendant finding: (1) that this defendant’s non-custodial statements during an administrative agency interview at a private work place were involuntary under the Fifth Amendment; and (2) that all other evidence subsequently gathered was “fruit of the poisonous tree.” 966 F. Supp. at 1083-84, 1087. Investigations by administrative agencies are common and often involve noncustodial interviews at private facilities. This appeal raises significant legal issues with application well beyond this case.
Fourth, the other circuits’ cases, cited by the majority, present facts more egregious than those here. United States v. Miller, 952 F.2d 866 (5th Cir.1992) (certificate filed six months after government’s notice of appeal and only after the defendants’ briefs raised the issue); United States v. Hanks, 24 F.3d 1235 (10th Cir.1994) (defendant raised certification issue early, government filed certificate the next month but did not inform the circuit court or otherwise respond to defendant’s motion)[3]; United States v. Carrillo-Bernal, 58 F.3d 1490 (10th Cir.1995) (ma *1209 jority found that the fact specific credibility determinations in that case failed to qualify as important legal issue supporting interlocutory appeal but dissent disagreed and found government’s prompt attention to certificate should permit appeal).
Finally, the majority improperly discounts the government’s argument that the defendant suffered no harm from any delay because he is not incarcerated. While pre-trial release is certainly a deprivation of freedom, see United States v. Loud Hawk, 474 U.S. 302, 311, 106 S.Ct. 648 (1986), the fact that the defendant was not incarcerated remains a valid factor to be considered in this Court’s exercise of discretion. See United States v. Becker, 929 F.2d 442, 445 (9th Cir.1991) (excusing late filing of § 3731 certification and considering as one factor that the defendant was free on bond). The certificate requirement protects a defendant from unjustified government delay, but the delay here was less than 30 days. This appeal is justified by the government and dismissing this appeal now after briefing and oral argument does not effectuate section 3731’s purpose.
In conclusion, this appeal undisputedly meets the statutory requirements of section 3731: (1) the appeal is not taken for delay; and (2) the evidence suppressed involves proof of facts material in this proceeding. While the majority correctly states that section 3731 is not jurisdictional, the majority’s strict application of the time element of section. 3731 converts the lack of a timely certificate to an event of almost jurisdictional significance. The majority’s decision exalts form over substance. Thus, I respectfully dissent.

. Section 3731 provides in pertinent part:
An appeal by the United States shall lie to a court of appeals from a decision...of a district court suppressing...evidence...in a criminal proceeding,...if the United States attorney certifies...that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.
*1208 The provisions of this section shall be liberally construed to effectuate its purposes.
18 U.S.C. § 3731.

. The government’s notice of appeal and an amended notice of appeal were filed on July 14, 1997. On August 8, 1997, this Court sent a letter advising that the absence of the section 3731 certification presented a jurisdictional issue and requesting briefs. The government promptly filed the certificate on August 14, 1997, long before the first merits brief was due on March 31, 1998, and oral argument held on August 27, 1998. Another Assistant U.S. Attorney filed the notice of appeal for the out-of-town Assistant u.s. Attorney assigned to the case. The inadvertent omission of the certificate was diligently corrected upon discovery.

. The Tenth Circuit observed: "Not only did the government offer no explanation for its delay, but it apparently thought so little of the statutory obligation that it did not even bother to respond to the appellee’s argument or to advise [the court] of its late filing of the certificate until [the court] explicitly confronted the issue during oral argument.” Id. at 1239. Accordingly, the Tenth Circuit would not excuse the government's failure to timely comply with the §3731 requirement.