**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellant,

v.

VICTOR VEGA,

      Defendant - Appellee.

No. 01-2371
D.C. No. CR-01-697 LH
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **ALDISERT**, Senior Circuit Judge,[**] and **McWILLIAMS**, Senior Circuit Judge.

On June 7, 2001, Victor Vega ("Vega") was charged in a two count indictment filed in the United States District Court for the District of New Mexico as follows: Count 1, with conspiring with others on or about February 27, 2001, to possess and distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846; in Count 2, with possession on or about February 27, 2001, with an intent to distribute more than 100

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals, Third Circuit, sitting by designation.

kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(3) and 18 U.S.C. § 2. Prior to trial, Vega filed a motion to suppress the marijuana found by the use of a fiber optic gas tank scope in the gas tank of the car he was driving when he was stopped on February 27, 2001, by Beau Johnston, a New Mexico State Police Officer near Deming, New Mexico, for making an illegal turn. At a hearing on the motion to suppress, Officer Johnston was examined and cross-examined at length concerning the stopping of the vehicle Vega was driving and the facts and circumstances leading up to the discovery of marijuana hidden in the car's gas tank. Thereafter, the district court, on August 9, 2001, granted Vega's motion to suppress, concluding that after Vega was issued a traffic citation, he was unlawfully detained for further questioning in violation of his Fourth Amendment rights.

On September 4, 2001, the government filed a motion to reconsider, asserting that, even if the continued detention of Vega after the officer had given him a ticket violated Vega's Fourth Amendment rights, Vega thereafter voluntarily gave consent to search his vehicle. After a further hearing was held on November 13, 2001, at which time Officer Johnston again testified, the district court denied the government's motion to reconsider, holding that "when a consensual search is preceded by a Fourth Amendment violation, the government must prove not only the voluntariness of the consent under the totality of the circumstances, but the government must also establish a break in the causal connection between the illegality and the evidence thereby obtained," and that the

government had failed to discharge its "heavy burden of showing that the primary taint of the violation was purged."

The government filed a timely notice of appeal pursuant to 18 U.S.C. § 3731 on December 17, 2001. However, the government did not certify to the district court that the "appeal is not taken for the purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding," as required by 18 U.S.C. § 3731.

On January 11, 2002, this Court tolled briefing on the merits and ordered counsel to file within 21 days memorandum briefs addressing the question of "[w]hether Plaintiff United States of America has complied with the certificate requirement set forth in 18 U.S.C. § 3731? *See United States v. Carrillo-Bernal,* 58 F.3d 1490, 1492-93 (10th Cir. 1995); *United States v. Hanks,* 24 F.3d 1235, 1238-39 (10th Cir. 1994)."[1]

In response to our order to show cause, the government on January 22, 2002, filed in this court a "Motion to Permit Filing of Certificate Required by 18 U.S.C. § 3731 Out of Time" and counsel for Vega on January 31, 2002, filed with us a "Memorandum Brief in Support of Dismissal of Appeal for Violation of 18 U.S.C. § 3731." By our order of March 28, 2002, we reserved judgment on the certification matter, and ordered that briefing on the merits proceed. The case was orally argued on September 27, 2002.

18 U.S.C. § 3731 reads as follows:

---

[1] In both of these cases we dismissed the appeal because of the failure to comply with the certificate requirement of 18 U.S.C. § 3731.

§ 3731. Appeal by United States

. . . .

An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

The appeal in all such cases shall be taken within thirty days after the decision, judgment, or order has been rendered and shall be diligently prosecuted.

The provisions of this section shall be liberally construed to effectuate its purposes.

We have held that a failure to file a timely certification pursuant to 18 U.S.C. § 3731 with the trial court does not deprive this court of jurisdiction to hear an appeal. *United States v. Hanks,* 24 F.3d 1235, 1237 (10th Cir. 1994). However, in *United States v. Carrillo-Bernal,* 58 F.3d 1490, 1492 (10th Cir. 1995) we said that though we have jurisdiction when there is an untimely certification, the relevant inquiry thereafter is whether "the reviewing court should exercise its discretion to entertain the appeal in light of such defect, as provided by Fed. R. App. P. 3(a)." That rule reads as follows:

Rule 3. Appeal as of Right–How Taken
   (a) Filling the Notice of Appeal
         . . . .
         (2) An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing

the appeal.

As stated, the government filed no "response," as such, to our show cause order of January 11, 2002. Apparently in lieu thereof, the government on January 22, 2002, filed in this Court a "Motion to Permit Filing of Certificate Required by 18 U.S.C. § 3731 Out of Time," accompanied by a certificate and an affidavit of an Assistant United States Attorney for the District of New Mexico. In that motion counsel argues that we have "the authority to excuse the untimely filing of a section 3731 certification and should do so in this case," citing *Carrillo-Bernal,* 58 F.3d 1490. In support of its argument that in the exercise of our discretion we should excuse the government's untimely tender of a certificate, counsel identifies the following factors to be considered: (1) the government is seeking to file the certification required by 18 U.S.C. § 3731 only 30 days after the notice of appeal was filed (in this regard, we note that the government's untimely request to certify was filed in this Court only after our order that the parties brief the jurisdictional issue posed by 18 U.S.C. § 3731) ; (2) Vega is not confined, but on release; (3) this was the first notice of appeal filed by the Assistant United States Attorney who had initial responsibility for the instant case and "he did not know that the certificate was required;" (4) the appeal raises important legal issues; and (5) the government is "keenly aware that section 3731 should be, and is, taken seriously by every Department of Justice attorney who has any responsibility in handling interlocutory appeals by the United States in a criminal case."

The certificate accompanying the aforementioned motion simply stated that the "appeal was not taken for the purpose of delay and that the evidence suppressed or excluded is a substantial proof of a fact material in the proceeding." The affidavit in support of the government's motion and tendered certificate was made by another Assistant United States Attorney in the District of New Mexico who outlined the procedure followed by that office when a district court has made a decision contrary to the position taken by the United States and for which "the United States has a statutory right to seek appellate review under 18 U.S.C. § 3731." The affidavit concludes with the statement that the notice of appeal filed in the instant case was the first notice of appeal ever filed by that particular assistant and "he did not include the certification required by 18 U.S.C. § 3731 on the notice of appeal."

Our reading of *Hanks* and *Carrillo-Bernal,* leads us to conclude that the government's appeal in the instant case should be dismissed for about the same reasons we dismissed the appeals in those cases. There are factual similarities between those cases and the instant one, and, admittedly, some dissimilarities. No two cases are completely alike. However, in our view, the dissimilarities are insufficient to take the instant case out from under *Hanks* and *Carrillo-Bernal*, and it is on that basis we dismiss this appeal. The "excuse" offered in the present case for the untimely certificate is that this was "the first notice of appeal that he [the Assistant United States Attorney having initial responsibility of the case] had ever filed." In *Carrillo-Bernal*, the excuse offered

for the untimely certificate was "the regrettable by-product of a busy office," and in

*Hanks,* the government offered no explanation for its delay in filing the certificate.[2]  In

---

[2]  For a detailed "historical perspective" of 18 U.S.C. § 3731, see *Carrillo-Bernal*. From that case we learn that the so-called "competing interests" behind § 3731 are, on the one hand, the government's understandable interest in having an interlocutory appeal, for example, of a district courts' pre-trial order granting a motion to suppress, where the suppressed evidence jettisons the government's entire case, and, on the other hand a defendant's Sixth Amendment right to a speedy trial.  An interlocutory appeal necessarily delays final disposition of a criminal proceeding.  The certification requirement of § 3731 is intended to prevent the government from taking frivolous interlocutory appeals, thus eliminating, at least in some instances, the delay occasioned the defendant.  In *Carrillo-Bernal*, we quoted the following from *Arizona v. Manypenny*, 451 U.S. 232, 246 (1981), which examined the competing interests that underlie the presumption against government criminal appeals:

> Both prudential and constitutional interests contributed to this tradition. The need to restrict appeals by the prosecutor reflected a prudential concern that individuals should be free from the harassment and vexation of unbounded litigation by the sovereign.  This concern also underlies the constitutional ban against double jeopardy, which bars an appeal by the prosecutor following a jury verdict of acquittal.  In general, both concerns translate into the presumption that the prosecution lacks appellate authority absent express legislative authorization to the contrary.

*Carrillo-Bernal*, 58 F.3d at 1494.

As concerns the "prejudice" to a defendant occasioned by an interlocutory appeal by the government in a criminal case, in *Hanks*, we spoke as follows:

> The circumstances surrounding the instant case lead us to dismiss the government's appeal.  Admittedly, the delay in filing the certificate with the district court in this case, two and one-half months, was less than that in *Becker* or *Miller*.  Further, Hanks has been out on bond during this time. Nevertheless, the government's appeal has delayed final resolution of this case, which we do not doubt weighs heavily on the defendant's mind, even though he is free on bond.  *United States v. Loud Hawk*, 474 U.S. 302, 311 (1986) ("The speedy trial guarantee is designed to minimize the possibility

this case, the excuse is understandable but cannot be controlling.

Appeal dismissed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge

---

of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.") (quoting *United States v. MacDonald*, 456 U.S. 1,8 (1982)).

*United States v. Hanks*, 24 F.3d at 1238.