**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES of AMERICA,

    Plaintiff-Appellant,

v.

CARL J. PETERSEN,

    Defendant-Appellee.

No. 02-1311
(D.C. No. 01-CR-431-WM)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **BALDOCK**, and **O'BRIEN**, Circuit Judges.

Pursuant to 18 U.S.C. § 3731 (2002)[1], the United States filed this

interlocutory appeal of the ruling of the district court granting Carl J. Petersen's

motion to suppress evidence seized on his property during the execution of a

search warrant. The certificate required by § 3731 to proceed with an

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]"An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence . . . not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information . . . ." 18 U.S.C. § 3731 (2002).

interlocutory appeal was not timely filed by the government, and we dismiss the appeal.

On November 16, 2001, members of the El Paso County, Colorado Sheriff's Office executed a search of real property belonging to Mr. Petersen, pursuant to a search warrant. Four firearms were seized, which provided the basis for criminal charges against Mr. Petersen for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)(2002). Mr. Petersen filed a motion to suppress the evidence seized in the search of his property, and the district court granted the motion on June 19, 2002.[2] The government filed a notice of appeal of the district court order on July 9, but waited until July 26 to file its § 3731 certificate that the appeal was "not taken for the purpose of delay and that the evidence [seized and suppressed] is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731 (2002). The government attributed the delay in filing the § 3731 certificate to "a communication breakdown within the office regarding the proper manner of perfecting an appeal." As of March 12, 2003, it was confirmed during appellate oral arguments that Mr. Petersen remained in jail pursuant to the federal

---

[2]On February 8, 2002, the district court ruled from the bench on Mr. Petersen's motion to suppress evidence, granting the motion on the grounds of unreasonable execution of the search in violation of the Fourth Amendment. The district court's written order was filed June 19, 2002.

charges as a pre-trial detainee under the Bail Reform Act.[3]  He alleges the filing of the § 3731 certificate was untimely and we should exercise our discretion to dismiss the appeal.  We agree.

A § 3731 certificate is timely if filed contemporaneously with the notice of appeal.  *United States v. Carrillo-Bernal,* 58 F.3d 1490, 1497 (10th Cir. 1995) (dismissing an appeal where there was a sixteen day delay in filing the § 3731 certificate)*.  See also United States v. Hanks,* 24 F.3d 1235, 1237 n.1 (10th Cir. 1994) (dismissing an appeal where there was a two and a half month delay in filing the § 3731 certificate).  This is because "the certificate process cannot serve its function unless the responsible prosecuting official makes a thorough and conscientious analysis of the case *before* deciding to appeal.  The certificate is the official's representation that such an analysis has been made . . . ."  *Id.* at 1239 (quoting *United States v. Herman,* 544 F.2d 791, 794 n.4 (5th Cir. 1977) (emphasis in original)).  While "the government's failure to file a timely Section 3731 certificate does not deprive the court of jurisdiction[,] . . . the relevant inquiry is whether the reviewing court should exercise its discretion to entertain the appeal in light of such defect, as provided by FED. R. APP. P. 3(a)."[4]  *Carrillo-*

---

[3]18 U.S.C. §§3141-3150, 3062 (2002).  The district court denied Mr. Petersen's motion to set an appeal bond.  He has been incarcerated since November 16, 2001.

[4]"An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for

*Bernal,* 58 F.3d at 1492 (internal citation omitted). To be sure, § 3731 advises its provisions "shall be liberally construed to effectuate its purposes." However, we are mindful of the admonition that "[p]ost hoc certification that an appeal was not taken for the purposes of delay reduces the § 3731 requirement to a meaningless formality." *Hanks,* 24 F.3d at 1239.

In *Carrillo-Bernal* and *Hanks*, we identified six factors to determine whether to dismiss an interlocutory appeal by the government for untimely filing of a § 3731 certificate: (1) the length of delay in filing the certificate; (2) the fact that a delay in final resolution of a criminal case weighs heavily on a defendant's mind, even in instances when he is free on bond; (3) the government's failure to adequately explain why it filed an untimely certificate; (4) the government's failure to identify important legal issues needing appellate clarification or other significant reason to hear the appeal; (5) the government's "lackluster" response to its failure to timely file the certificate; and (6) the government's failure to take seriously its obligation to timely file the certificate. *Carrillo-Bernal*, 58 F.3d at 1493; *Hanks*, 24 F.3d at 1238-39.

Weighing these factors, we cannot excuse the government's failure to timely file the § 3731 certificate. We especially note the government was on

the court of appeals to act as it considers appropriate, including dismissing the appeal." FED. R. APP. P. 3(a)(2).

notice as early as February 8, 2002, of the district court's decision to grant the motion to suppress, thereby exacerbating its delay in filing the certificate. Further, Mr. Petersen remained confined on federal charges at least through the time of oral argument. Finally, the government's offered reason for late filing is inadequate.

Accordingly, we DISMISS the appeal.

ENTERED BY THE COURT

Terrence L. O'Brien
Circuit Judge