**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Duskin Claude BECKER,**
**Defendant–Appellee.**

No. 90–30095.

United States Court of Appeals,
Ninth Circuit.

Argued and Submission Deferred
Nov. 5, 1990.

Resubmitted March 8, 1991.

Opinion March 29, 1991.

Deborah J. Dealy–Browning, Asst. U.S. Atty., Eugene, Or., for plaintiff-appellant.

Jay W. Frank, Moule & Frank, Eugene, Or., for defendant-appellee.

Before WRIGHT, CHOY and THOMPSON, Circuit Judges.

### ORDER

This case is resubmitted for decision on March 8, 1991.

### OPINION

DAVID R. THOMPSON, Circuit Judge:

In this interlocutory appeal, the government appeals the district court's order suppressing evidence obtained by using a jackhammer to search beneath a concrete slab located on premises for which a search warrant had been issued. We have jurisdiction pursuant to 18 U.S.C. § 3731 (1988). We reverse.

### FACTS

On June 2, 1989, a warrant was issued to search the residence of the defendant, Duskin Claude Becker. In particular, the search warrant authorized a search of

88852 Ross Lane, Springfield, Oregon located on the west side of Ross Lane approximately ¼ mile from its junction with the McKenzie Highway, also known as Highway 126. The residence is single story, brown in color with cedar shake trim, and wood framed. The residence is surrounded by a cyclone fence and includes a brown colored shop with a metal roof in the backyard. A mail box to the right of the driveway depicts the name D. BECKER on it.

On June 3, 1989, agents from state and federal investigatory agencies executed the search warrant. At this time, agents observed a newly-poured concrete pad located near the shop. Documentary evidence seized during the search indicated that the concrete had been poured on or about May 19, 1989. Becker admitted that the concrete had been poured after a search warrant had been executed at his neighbor's home.

Agents then rented a jackhammer and removed portions of the concrete slab. Pieces of aluminum foil were discovered under the concrete and were seized. The foil tested positively for the presence of methamphetamine.

On August 18, 1989, a second warrant was issued to search the premises. This warrant specifically authorized the search of "[t]he carport and soil located beneath the concreted carport...." On August 22, 1989, agents executed this warrant and discovered and seized additional pieces of aluminum foil from under the concrete slab. This foil, too, tested positively for the presence of methamphetamine.

On February 12, 1990, the district court granted Becker's motion to suppress the evidence obtained as a result of the initial search under the concrete pad, finding that "the officers had plenty of time to obtain [another] warrant" and "[t]he search was obviously very intrusive in nature ..." Reporter's Transcript of Proceedings, February 12, 1990, at 38 (Motions Hearing). Further, "[t]o the extent that [evidence seized during the initial search] ... form[ed] the basis for establishing probable cause to secure the ... [second] warrant authorizing the search below the concrete pad," the district court also suppressed the evidence seized from under the concrete pad during the second search. *Id.* at 39.

The government then filed this interlocutory appeal pursuant to 18 U.S.C. § 3731.

## DISCUSSION

### A. Jurisdiction

 A threshold issue we must address is whether we have appellate jurisdiction to hear this interlocutory appeal from the district court's ruling on the motion to suppress. Notwithstanding the *dicta* in *United States v. Eccles*, 850 F.2d 1357, 1359–60 (9th Cir.1988), we conclude that we do.

"As a general rule, an order by a district court denying or granting a motion to suppress is not an appealable final order under ... [28 U.S.C. §] 1291. Such an order is 'but a step in the criminal case preliminary to a trial thereof,' and is thus interlocutory." *People of the Territory of Guam v. Mafnas*, 721 F.2d 683, 685 (9th Cir.1983) (quoting *DiBella v. United States*, 369 U.S. 121, 131, 82 S.Ct. 654, 660, 7 L.Ed.2d 614 (1962)). Congress, however, broadened the government's right to appeal when it enacted 18 U.S.C. § 3731. *United States v. Wilson*, 420 U.S. 332, 337, 95 S.Ct. 1013, 1018–19, 43 L.Ed.2d 232 (1975). "[T]he legislative history of [section 3731] makes it clear that Congress intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." *Id.*

Under 18 U.S.C. § 3731

[a]n appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [sic] suppressing or excluding evidence ... not made after the defendant has been put in jeopardy and before the verdict ..., if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

In the present case, Becker's counsel asserted for the first time at oral argument on November 5, 1990 that the government had not filed the required certificate with the district court. We deferred submission of the case to allow the government to respond to this newly-presented issue. On November 8, 1990, the government filed the certificate with the district court, and on November 13, 1990, moved this court for permission to supplement the record on appeal with the filed certificate. Becker opposed the motion citing *United States v.*

*Eccles,* 850 F.2d 1357, 1359–60 (9th Cir. 1988).

In *Eccles,* the government failed to provide the requisite certificate to the district court until after this court heard oral argument. *Id.* at 1359. The *Eccles* court reluctantly permitted the late filing of the certificate, stating that

> [p]recedent ... compels us to allow the government to perfect jurisdiction in this case by filing the appropriate certificate after oral argument. We recognize, however, that a general rule excusing the government from filing a certificate until after oral argument would eviscerate the statutory requirement that the United States attorney certify that the appeal has not been taken to delay trial. *See* 18 U.S.C. § 3731. We therefore follow the lead of the Fifth Circuit in *United States v. Herman,* 544 F.2d 791, 794 (5th Cir.1977), and "serve notice upon [the government] that we will entertain no future section 3731 appeals unless the appropriate certificate is incorporated in the record on appeal."

*Id.* at 1359–60.

Here we choose to exercise our discretion to allow the government to supplement the record on appeal. *See* Fed.R.App.P. 10(e). Hence, the certificate is " 'incorporated in the record on appeal' " (*Eccles,* 850 F.2d at 1360) (quoting *Herman,* 544 F.2d at 749), and the government's appeal is not precluded by the *dicta* quoted from Eccles.

This exercise of our discretion is consistent with Fed.R.App.P. 3(a) which provides, in pertinent part, that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." [1] Thus, permitting the late filing of such a certificate falls within the discretion of the court. This result is also consistent with section

3731, which provides that "[t]he provisions of this section shall be liberally construed to effectuate its purposes."

Moreover, we find no indication that Becker has been prejudiced by the failure of the government to file the certificate earlier than it did. First, Becker was not incarcerated during the pendency of this appeal, but was free on bond. Second, any delay occasioned by this appeal has already been incurred and vacating this appeal would not prove curative.

Our decision to permit the record on appeal to be supplemented by the section 3731 certificate now filed in the district court is further buttressed by the fact that Becker's counsel deliberately obfuscated the issue by stating in his brief that he "disagree[d] with the government's statement that this court has jurisdiction pursuant to 18 U.S.C. section 3731." He gave no indication that he considered our appellate review was foreclosed by the circumstance of the unfiled certificate. Instead, he waited until oral argument to raise the issue. Had the issue been raised earlier, it could have been dealt with before this panel invested considerable time and energy in reading the briefs, reviewing the record, and preparing for oral argument.

We reject the contention that our appellate jurisdiction is defeated by the late filing of the section 3731 certificate. In this, we are joined by the *Eccles* court. In *Eccles,* the court adjudicated the case before it. In so doing, it is plain the court determined it had jurisdiction to decide the case. Indeed it did. As this Circuit stated in *Meier v. Keller,* 521 F.2d 548, 553 (9th Cir.1975), *cert. denied,* 424 U.S. 943, 96 S.Ct. 1410, 47 L.Ed.2d 348 (1976), "[w]hile ... delay [in the filing of a section 3731 certificate] is not to be regarded with favor, ... it does not rise to jurisdictional dimensions." *Accord United States v. Wolk,* 466 F.2d 1143, 1146 n. 2 (8th Cir.

---

1. The *Eccles* court stated that "[o]n its face, a failure to certify is a violation of the statute confirming the right to appeal." *Eccles,* 850 F.2d at 1360. While we agree that the complete failure to file a certificate would clearly constitute a violation of the statute, we do not read the statute as requiring the certificate be filed by a particular point in time. In this, the certificate is clearly distinguishable from the notice of appeal which must be filed within thirty days of the adverse ruling. 18 U.S.C. § 3731.

1972); *United States v. Kleve,* 465 F.2d 187, 189–90 (8th Cir.1972); *United States v. Welsch,* 446 F.2d 220, 224 (10th Cir.1971).

## B. The Suppression of Evidence

 Turning to the merits of the case, the issue is whether the use of a jackhammer to search beneath the concrete slab was unreasonable. "A warranted search is unreasonable if it exceeds in scope or intensity the terms of the warrant." *United States v. Penn,* 647 F.2d 876, 882 n. 7 (9th Cir.) (en banc), *cert. denied,* 449 U.S. 903, 101 S.Ct. 276, 66 L.Ed.2d 134 (1980). Whether officers exceeded the scope of a warrant during a search is reviewed de novo. *See United States v. McLaughlin,* 851 F.2d 283, 286 (9th Cir.1988). The question of unreasonable intensity can only be resolved by reviewing the facts and circumstances of each case. *See Penn,* 647 F.2d at 883. Upon review, we conclude that the agents' search did not violate the scope of the warrant nor was it unreasonably intensive.

The initial warrant to search Becker's premises was valid and broad. *See id.* at 881 (officers with warrant for premises could have "dug up the whole yard to find the heroin"). It was sufficient to permit a search of Becker's yard as the home and yard were within a single fenced enclosure. *See Rutherford v. Cupp,* 508 F.2d 122, 122 (9th Cir.1974), *cert. denied,* 421 U.S. 933, 95 S.Ct. 1663, 44 L.Ed.2d 92 (1975). The concrete slab was located within and was part of the yard and, thus, searching beneath it was clearly within the scope of the warrant. *See Penn,* 647 F.2d at 881. Although the district court found that the officers had sufficient time to obtain an additional warrant, it was unnecessary for them to do so as they already had a warrant to search the premises for precisely the type of evidence found under the slab. *See United States v. Morris,* 647 F.2d 568, 573 (5th Cir.1981) ("Appellant has not cited us one case in which this or any other court has required a second, or for that matter third, fourth, fifth, etc., search warrant to validly search an area within the scope of an existing warrant, and we are not inclined to do so.").

A determination that a search beneath the slab was within the scope of the first warrant, however, does not end our inquiry. Reasonableness in scope "can be vitiated ... by the manner in which the police conducted the search.... Claims that otherwise reasonable searches have been conducted in an unconstitutionally unreasonable manner must be judged under the facts and circumstances of each case." *Penn,* 647 F.2d at 882–83.

 It is plain that while the destruction of property in carrying out a search is not favored, it does not necessarily violate the fourth amendment. *Tarpley v. Greene,* 684 F.2d 1, 9 (D.C.Cir.1982). "[O]fficers executing search warrants on occasion must damage property in order to perform their duty." *Dalia v. United States,* 441 U.S. 238, 258, 99 S.Ct. 1682, 1693–94, 60 L.Ed.2d 177 (1979). The standard is reasonableness; "destruction of property that is not reasonably necessary to effectively execute a search warrant may violate the Fourth Amendment." *Tarpley,* 684 F.2d at 9.

Whether a search is unreasonable because of its intolerable intensity must be determined by the particular facts of each case. *Cf. New Jersey v. T.L.O.,* 469 U.S. 325, 337, 105 S.Ct. 733, 740, 83 L.Ed.2d 720 (1985) ("what is reasonable depends on the context within which a search takes place."); *United States v. Nates,* 831 F.2d 860, 864 (9th Cir.1987), *cert. denied,* 487 U.S. 1205, 108 S.Ct. 2845, 101 L.Ed.2d 883 (1988) (no precise formula exists for determining what constitutes reasonable search).

After examining the facts and circumstances of this case, we conclude that the manner of the search did not render it unreasonable. Before jackhammering the slab and searching beneath it, the officers found evidence of the manufacture of methamphetamine in the shop next to the slab. Becker acknowledged that the concrete slab had been poured within the preceding 45 days, shortly after his associate's home across the street had been searched. Documentary evidence indicated that the

concrete had been poured very recently. Further, the slab was located next to the shop, and the shop appeared to have been recently and hastily repainted and repaired. Thus, the agents had ample reason to believe that the concrete slab was being utilized to hide the very evidence they were legally on the premises to find. The only way to obtain this evidence was to use a jackhammer to break up the concrete. While the use of such a destructive search technique may, under other circumstances, be intolerably intensive, under the facts presented to us in this appeal, the use of a jackhammer to break the concrete slab and search beneath it was not unreasonable.

Because the initial search was not unreasonable, the evidence obtained from it was properly used as the basis for establishing probable cause to obtain the second warrant. Thus, the district court's ruling suppressing the evidence found beneath the slab when the second warrant was executed is reversed, as is the district court's order suppressing the evidence found beneath the slab when the first warrant was executed.

## C. Defendant's Argument for Suppression of Additional Evidence

Becker argues that the execution of the first warrant violated the knock-notice statute (18 U.S.C. § 3109) and that the second warrant was unauthorized and illegal. He contends that as a result, not just the evidence the district court suppressed, but all evidence seized during the searches should be suppressed. We lack jurisdiction to consider these expanded issues in this section 3731 appeal.

 A defendant may not file a cross appeal to a section 3731 interlocutory appeal. *United States v. Halbert*, 436 F.2d 1226, 1227 (9th Cir.1970) (no statutory or case authority supporting right to appeal). We may consider, however, any argument advanced by a defendant that provides an alternative ground upon which to affirm the district court. *See id.* (court could consider defendant's contention that *Miranda* warnings not properly administered). What we may not consider is any defense argument seeking suppression of additional evidence which the district court did not suppress. *See Eccles*, 850 F.2d at 1362.

## CONCLUSION

The government's motion to supplement the record on appeal with the section 3731 certificate which has now been filed with the district court is GRANTED. We have jurisdiction over this appeal. We reverse the order of the district court suppressing the evidence obtained from underneath the concrete slab when the first and second warrants were executed. We lack jurisdiction, however, to consider the defendant's expanded arguments by which he contends the district court should have suppressed all of the evidence obtained by the searches of Becker's entire premises.

The district court's suppression order is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.