5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Scott BARRON, Jr., Defendant-Appellant.
 No. 92-30259.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1993.
Decided Aug. 17, 1993.
 
 Appeal from the United States District Court for the District of Alaska, No. CR-91-00115-S; James K. Singleton, District Judge, Presiding.
 D.Alaska
 AFFIRMED
 Before: SCHROEDER, FLETCHER and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant William Scott Barron, Jr. entered a conditional guilty plea and was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1), possessing cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1), and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). He appeals the district court's denial of his motion to suppress certain evidence from a safe in his house.
 
 
 3
 The incident giving rise to this appeal occurred while police were executing a search warrant--the legality of which is not challenged--authorizing the officers to search for evidence of narcotics in appellant's home. After police found several bags of cocaine, they arrested appellant. When they administered Miranda warnings, appellant indicated that he did not wish to talk. Police then discovered a safe in the bedroom, brought Barron into the bedroom, and administered the Miranda warnings again. Officer Brudevold then asked Barron for the combination to the safe, stating that he was going to open the safe one way or another but that the combination would be helpful. Barron then provided the combination, Officer Brudevold looked inside and found a firearm, money and more cocaine.
 
 
 4
 Appellant moved to suppress admission of the contents of the safe on the ground that his communication providing the officers with the combination to the safe violated his Fifth Amendment rights under Miranda v. Arizona, 384 U.S. 436 (1966), and thereby rendered the subsequent search of the safe unreasonable. The district court ruled that the government could not introduce evidence that the defendant provided the combination of the safe for its testimonial value. However, the district court ruled that the actual contents of the safe could be introduced into evidence because they were obtained pursuant to a valid warrant in full compliance with the strictures of the Fourth Amendment.
 
 
 5
 In this appeal, Barron challenges the latter part of the ruling, claiming that the search of the safe by use of the combination violated his Fourth Amendment rights. The question, however, under the Fourth Amendment, was whether or not it was reasonable for the police to search the safe. Appellant's challenge must fail because even without the combination, officers were entitled to open the safe by other means. We have validated more intrusive means to obtain access to places where evidence may be stored. For example, in United States v. Becker, 929 F.2d 442 (9th Cir.), cert. denied, 112 S.Ct. 183 (1991), we upheld the use of a jackhammer to break through concrete to find possible evidence. The officer's request merely gave appellant an opportunity to save his property from destruction.
 
 
 6
 To the extent that appellant suggests that the police exceeded the scope of the warrant, his position is meritless. The warrant expressly authorized the search of the residence for cocaine, money and related items. The Supreme Court has explained that a warrant for a search of a home extends to drawers and containers in which evidence may be found. United States v. Ross, 456 U.S. 798, 821 (1982).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3