United States Court of Appeals,

Eleventh Circuit.

No. 97-6573.

UNITED STATES of America, Plaintiff-Appellant,

v.

David A. SALISBURY, Defendant-Appellee.

Oct. 29, 1998.

Appeal from the United States District Court for the Northern District of Alabama. (No. 97-5-74-NE), William M. Acker, Jr., Judge.

Before HATCHETT, Chief Judge, HULL, Circuit Judge, and MOORE[*], District Judge.

MOORE, District Judge:

I.

In this case, the United States ("Government")appeals the district court's order suppressing evidence obtained during an interview of David Salisbury conducted by a Special Agent from the Tennessee Valley Authority Office of the Inspector General ("OIG"). Mr. Salisbury was indicted under 18 U.S.C. § 1101 for submitting false information regarding his eligibility for temporary living expenses. We decline to reach the merits and dismiss the appeal for failure to comply with the certification requirements of 18 U.S.C. § 3731.

II.

Mr. Salisbury was indicted after being interviewed by an OIG Special Agent. On May 5, 1997 the district court held a hearing on Mr. Salisbury's Motion to Suppress the evidence obtained during that meeting. The district court advised the parties that it intended to suppress the

[*]Honorable William T. Moore, Jr., U.S. District Judge for the Southern District of Georgia, sitting by designation.

Government's evidence and on May 7 entered an Order and Memorandum Opinion to that effect. On June 2, the Government filed a Motion to Reconsider which the court denied on June 16. The Government timely filed a Notice of Appeal, but neglected to certify, pursuant to 18 U.S.C. § 3731, that the appeal was not undertaken for delay and concerned evidence of a material fact in the proceeding. The clerk of this court informed the Government that it had not filed the Section 3731 certificate and on August 14, one month after its Notice of Appeal, the Government filed that document.

III.

Whether the government should be permitted to proceed on appeal when it neglects to file timely the certification required by 18 U.S.C. § 3731 is an issue of first impression in this circuit. The Fifth and Tenth Circuits have dismissed appeals when the government has not complied with the certification requirements of 18 U.S.C. § 3731.[1] *See United States v. Carrillo-Bernal,* 58 F.3d 1490, 1497 (10th Cir.1995); *United States v. Hanks,* 24 F.3d 1235, 1239 (10th Cir.1994); *United States v. Miller,* 952 F.2d 866, 876 (5th Cir.1992). We agree with and adopt the rationale of our sister circuits.

18 U.S.C. § 3731 governs appeals by the government in criminal cases. Among other things, it permits the government to appeal a district court decision or order suppressing evidence "if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay

---

[1]The Ninth Circuit announced a similar approach, *See United States v. Eccles,* 850 F.2d 1357 (9th Cir.1988), but has more recently retreated from that position. *See United States v. Becker,* 929 F.2d 442 (9th Cir.1991). The *Eccles* court declared that it would no longer accept section 3731 appeals unless properly certified, although it felt compelled by precedent to permit the government to proceed in the case before the court. *Eccles,* 850 F.2d at 1359-60. Three years later, the *Becker* court allowed an appeal even though the government had not complied with the certification requirement. *Becker,* 929 F.2d at 444-45.

and that the evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731. While the statutory language appears mandatory, compliance with the certification requirement is not considered a jurisdictional issue. *See United States v. Eccles,* 850 F.2d 1357, 1358 (9th Cir.1988); *United States v. Crumpler,* 507 F.2d 624, 624 (5th Cir.1975); *United States v. Welsch,* 446 F.2d 220, 224 (10th Cir.1971).

It is clear that noncompliance with Section 3731's certification requirement does not rob this court of jurisdiction; rather, a failure to certify is treated as a filing irregularity. Federal Rule of Appellate Procedure 3(a) governs defects in the filing process and provides that such irregularities are "ground[s] only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." Fed.R.App.P. 3(a) (1998). Thus, how we treat failures to comply with Section 3731's certification requirement is a discretionary matter. Like our sister circuits, we believe that the certification requirement "is not a mere formality." *United States v. Herman,* 544 F.2d 791, 794 (5th Cir.1977); *see also Carrillo-Bernal,* 58 F.3d at 1493.

The certification requirement imposed by Section 3731 serves the very important purpose of ensuring that the prosecutor carefully analyzes the case before deciding to appeal. *See Hanks,* 24 F.3d at 1239; *Herman,* 544 F.2d at 794, n. 4. Certification to the district court forces the prosecutor to represent that she has, in fact, thoroughly and conscientiously considered the decision to appeal. By forcing the prosecutor to take these pre-appeal steps, Section 3731's certification requirement furthers the vital underlying goal of preventing needless delay and prolonged worry in criminal proceedings. *See Carrillo-Bernal,* 58 F.3d at 1492-97; *Miller,* 952 F.2d at 875.

In the instant case, the Government certified the propriety of its appeal one month after it filed its notice of appeal. Obviously, the purpose of the certification process is defeated when the

prosecutor files her representation after initiating the appeal. *See Miller,* 952 F.2d at 875; *Hanks,* 24 F.3d at 1239. In response, the government offers three arguments.

First, the Government argues that Mr. Salisbury suffered no harm from any delay the appeal may have caused because he was not incarcerated while the appeal proceeded. This position ignores the fact that pre-trial release is still a deprivation of liberty and the burden of an impending trial weighs heavy on the mind of the accused. *See United States v. Loud Hawk,* 474 U.S. 302, 311, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986); *Carrillo-Bernal,* 58 F.3d at 1493; *Hanks,* 24 F.3d at 1238.

Second, the Government contends that its delinquency should be excused because the Assistant United States Attorney assigned to the case was out of town and another prosecutor unfamiliar with the case filed the appeal. Simple negligence, like not ensuring that the certification is properly filed even if the responsible attorney is out of town, cannot excuse noncompliance with the express mandate of the statute. *Cf., Carrillo-Bernal,* 58 F.3d at 1493 (refusing to excuse late certification because the prosecutor in charge was very busy).

Third, the Government argues that even though it failed to certify properly, the decision to appeal was based on a conscientious pre-appeal analysis. While the responsible prosecutors may have complied with the spirit of the statute, nothing in the record supports this position. We cannot accept such a naked assertion as sufficient.

IV.

We believe the purpose underlying Section 3731's requirement is thwarted when the government certifies the propriety and weight of its appeal after it has initiated the appeal. Absent some compelling justification, we shall decline to hear such appeals.

Accordingly, we DISMISS the appeal.

4

HULL, Circuit Judge, dissenting:

This case presents an issue of first impression in this Circuit. I agree with the majority's conclusions that: (1) the government's failure to file a timely section 3731 certificate does not oust jurisdiction but constitutes only a "filing irregularity"; and (2) that how this Court treats the government's untimely section 3731 certification is discretionary. I dissent because this appeal should not be dismissed for these reasons: (1) the government's certificate was filed shortly after its notice of appeal; (2) the defendant, free on bond, did not object; (3) the government's appeal of the suppression of virtually all evidence against the defendant is not taken for delay; and (4) the government's Motion for Reconsideration in the district court and the significant legal issues in the suppression order demonstrates that the government's appeal is justified and not perfunctory. The majority opinion contravenes Congress's statutory instruction that "[t]he provisions of this section shall be liberally construed" to effectuate its purpose of allowing interlocutory appeals by the government. 18 U.S.C. §3731.[1]

---

[1]Section 3731 provides in pertinent part:

> An appeal by the United States shall lie to a court of appeals from a decision...of a district court suppressing...evidence...in a criminal proceeding,...if the United States attorney certifies ...that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.
>
> ....
>
> The provisions of this section shall be liberally construed to effectuate its purposes.

18 U.S.C.§3731.

First, the government's certificate was filed within a month of its notice of appeal.[2] This Court often excuses similar "filing irregularities" by defendants' counsel and should afford government's counsel equal treatment. Second, the defendant did not object initially. Instead, this Court raised the issue. Only then did the defendant brief the issue at the Court's direction.

Third, the majority concludes that the government's assertion of a conscientious pre-appeal analysis lacks support in the record and that permitting the prosecutor's untimely certificate defeats the purpose of the certification process. I disagree. The record demonstrates a principled appeal and certificate, and not a purely *ad hoc* certificate by the prosecutor as the majority finds. The district court orally suppressed virtually all evidence and later entered a detailed suppression decision published at 966 F. Supp. 1082 (N.D. Ala. 1997). The record shows that at the time of the oral ruling, the government indicated an appeal would be filed. The district court also entered an order acknowledging that the government asserted that "it cannot proceed to trial without the suppressed evidence." *United States v. Salisbury,* 966 F.Supp. 1082 (N.D. Ala. 1997). The government also filed an extensive Motion for Reconsideration in the district court pointing out why the suppression order involved important legal issues and should be revisited. The government's section 3731 brief attaches that Motion for Reconsideration as evidence of the government's pre-appeal analysis of the legal issues. The record sufficiently demonstrates that the government made a conscientious pre-appeal analysis but inadvertently omitted the certificate.

---

[2]The government's notice of appeal and an amended notice of appeal were filed on July 14, 1997. On August 8, 1997, this Court sent a letter advising that the absence of the section 3731 certification presented a jurisdictional issue and requesting briefs. The government promptly filed the certificate on August 14, 1997, long before the first merits brief was due on March 31, 1998, and oral argument held on August 27, 1998. Another Assistant U.S. Attorney filed the notice of appeal for the out-of-town Assistant U.S. Attorney assigned to the case. The inadvertent omission of the certificate was diligently corrected upon discovery.

Moreover, the nature of the legal issues makes it self evident that the government's decision to appeal was principled and not perfunctory. The defendant, employed by a private company contracting with the Tennessee Valley Authority, was interviewed at his work place by a special agent of the Office of the Inspector General of the TVA. The agent was conducting a civil investigation of possible fraudulent travel vouchers of that private company's employees. The district court suppressed virtually all evidence against this defendant finding: (1) that this defendant's *non-custodial* statements during an administrative agency interview at a private work place were involuntary under the Fifth Amendment and (2) that all other evidence subsequently gathered was "fruit of the poisonous tree." 966 F. Supp.at 1083-84, 1087. Investigations by administrative agencies are common and often involve non-custodial interviews at private facilities. This appeal raises significant legal issues with application well beyond this case.

Fourth, the other circuits' cases, cited by the majority, present facts more egregious than those here. *United States v. Miller*, 952 F.2d 866 (5th Cir. 1992) (certificate filed six months after government's notice of appeal and only after the defendants' briefs raised the issue); *United States v. Hanks*, 24 F.3d 1235 (10th Cir. 1994) (defendant raised certification issue early, government filed certificate the next month but did not inform the circuit court or otherwise respond to defendant's motion)[3]; *United States v. Carrillo-Bernal*, 58 F.3d 1490 (10th Cir. 1995) (majority found that the fact specific credibility determinations in that case failed to qualify as important legal issue

_____

[3]The Tenth Circuit observed: "Not only did the government offer no explanation for its delay, but it apparently thought so little of the statutory obligation that it did not even bother to respond to the appellee's argument or to advise [the court] of its late filing of the certificate until [the court] explicitly confronted the issue during oral argument." *Id*. at 1239. Accordingly, the Tenth Circuit would not excuse the government's failure to timely comply with the §3731 requirement.

7

supporting interlocutory appeal but dissent disagreed and found government's prompt attention to certificate should permit appeal).

Finally, the majority improperly discounts the government's argument that the defendant suffered no harm from any delay because he is not incarcerated. While pre-trial release is certainly a deprivation of freedom, *see United States v. Loud Hawk*, 474 U.S. 302, 311, 106 S.Ct. 648 (1986), the fact that the defendant was not incarcerated remains a valid factor to be considered in this Court's exercise of discretion. *See United States v. Becker*, 929 F.2d 442, 445 (9th Cir. 1991) (excusing late filing of § 3731 certification and considering as one factor that the defendant was free on bond). The certificate requirement protects a defendant from unjustified government delay, but the delay here was less than 30 days. This appeal is justified by the government and dismissing this appeal now after briefing and oral argument does not effectuate section 3731's purpose.

In conclusion, this appeal undisputedly meets the statutory requirements of section 3731: (1) the appeal is not taken for delay, and (2) the evidence suppressed involves proof of facts material in this proceeding. While the majority correctly states that section 3731 is not jurisdictional, the majority's strict application of the time element of section 3731 converts the lack of a timely certificate to an event of almost jurisdictional significance. The majority's decision exalts form over substance. Thus, I respectfully dissent.