**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael Aaron WILSON, Defendant—Appellant.**

**No. 04–30002.**

**D.C. No. CR–02–06065–FDB.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Dec. 23, 2004.

Katheryn Kim Frierson, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Linda R. Sullivan, Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Before ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Michael Wilson appeals from his criminal conviction for production of child pornography in violation of 18 U.S.C. § 2251(a), and from the district court's sentencing decision. Mr. Wilson contends that the search of his computer pursuant to a warrant issued on October 4, 2002, exceeded the scope of the warrant. He also maintains that the district court erred in imposing a 15–year mandatory minimum sentence based on a prior state conviction that had been expunged. We affirm the district court's ruling on both issues.

I

▮ Whether an officer exceeded the scope of a warrant is a question of law this Court reviews *de novo*. *United States v. Becker*, 929 F.2d 442, 446 (9th Cir.1991). Mr. Wilson argues that Ms. Holbrook exceeded the scope of the October 4, 2002 warrant because she opened image files bearing date and time stamps outside the period of Mr. Howard's alleged abduction. *See id.* ("A warranted search is unreasonable if it exceeds in scope or intensity the terms of the warrant.") (citation omitted). We disagree.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The October 4, 2002 warrant authorized a search of Mr. Wilson's computer for "[i]mages and/or picture files including, but not limited to **JPG (JPEG), GIF, ART,** and other known types of computer-related image/picture file formats reflecting the abduction and/or restraint of Matthew Howard." According to the express terms of the warrant, Ms. Holbrook was entitled to search all the image and picture files on Mr. Wilson's computer, without date restriction, for images relating to the abduction of Mr. Howard. There is no dispute that Ms. Holbrook confined her search to image files. Hence, Ms. Holbrook's search did not exceed the scope of the authorizing warrant.

## II

Mr. Wilson asserts that the district court erred in imposing a 15–year mandatory minimum sentence pursuant to 18 U.S.C. § 2251(d) based on a prior Texas state conviction that was later expunged by a Texas state court. *See* 18 U.S.C. § 2251(d) (imposing mandatory minimum sentence on those with "one prior conviction ... under the laws of any State relating to the sexual exploitation of children"). Mr. Wilson argues that his state conviction may not serve as a predicate "conviction" for the imposition of a mandatory minimum sentence under § 2251(d). He maintains that since his expunged conviction may not serve as the basis of a sentencing enhancement under Texas state law, it may not serve as the basis for an enhancement under federal law. We disagree.

In the absence of a plain indication to the contrary, whether a person has been convicted for purposes of federal sentencing law is a question of federal law, even if the predicate offense and its punishment are determined by the laws of the state. *Dickerson v. New Banner Inst.*, 460 U.S. 103, 111–12, 103 S.Ct. 986, 74 L.Ed.2d 845 (1982). Federal law therefore controls the application of § 2251. The Supreme Court has explained that when Congress wishes to create an exception for convictions that have been expunged, it must do so expressly. *Id.* at 118. Because 18 U.S.C. § 2251 does not expressly exempt expunged state law convictions, the district court properly concluded that Mr. Wilson was subject to a mandatory minimum term under § 2251(d) on the basis of his prior state conviction.

**AFFIRMED.**