MEMORANDUM **
Appellant Dougles Hanft appeals his conviction for manufacturing marijuana in *513 violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and the denial of his motion to suppress evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
First, Hanft argues that the district court erred in denying his motion to suppress evidence obtained in connection with his arrest. Hanft contends that the arrest and the subsequent issuance of two warrants to search his home and the surrounding premises lacked probable cause. He further argues that a search of a vehicle parked in his driveway exceeded the scope of the first warrant, and that the second warrant was stale. We disagree.
We review the denial of a motion to suppress de novo, and underlying factual findings for clear error. United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994). Probable cause to arrest is present if, “at the moment of arrest, facts and circumstances within [the officers’ knowledge] and of which they have reasonably trustworthy information are sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense.” United States v. Rodriguez, 869 F.2d 479, 482 (9th Cir.1989) (citation omitted). Here, Hanft’s presence in a clandestine marijuana garden in an extremely remote area of the national forest, combined with the relative inaccessibility of the area and the additional facts to which the officers testified, supported the district court’s finding of probable cause. See United States v. Mills, 280 F.3d 915, 921 (9th Cir.2002). Additionally, the search of Hanft’s backpack was a proper search incident to his arrest. See United States v. Tarazon, 989 F.2d 1045, 1051 (9th Cir.1993).
Turning to the warrants, we hold that because the affidavits for each warrant established the required “reasonable nexus” between the activities supporting probable cause and the location to be searched, the determination of probable cause did not constitute clear error. See United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir.1993). Moreover, we conclude that the second warrant was not stale, given that the officers had a “sufficient basis to believe ... that the items to be seized [were] still on the premises.” See United States v. Gann, 732 F.2d 714, 722 (9th Cir.1984).
Next, we review the question whether the vehicle search exceeded the scope of the warrant de novo. United States v. Becker, 929 F.2d 442, 446 (9th Cir.1991). Here, where the warrant authorized searches of vehicles on the premises that appeared to contain contraband, the search was reasonable and did not exceed the scope of the warrant.
Hanft also argues that because the evidence was insufficient to support his conviction, the district court improperly denied his motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. We review the denial of a Rule 29 motion de novo, United States v. Johnson, 229 F.3d 891, 894 (9th Cir.2000); the evidence is sufficient if, viewed in the light most favorable to the prosecution, “any rational trier of fact could have found the essential elements of the offense[ ] charged beyond a reasonable doubt.” Id. (quoting United States v. Hinton, 222 F.3d 664, 669 (9th Cir.2000)) (alternation in Johnson). Here, Hanft’s presence in a remote marijuana garden, combined with the circumstantial evidence linking him to the garden, was sufficient to uphold the conviction.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.