MEMORANDUM *
Rayford Norris appeals the district court’s denial of his motion to suppress (1) evidence seized during a parole search and (2) statements he made at the police station following his arrest and waiver of Miranda rights. After the denial of his suppression motion, Norris entered a conditional guilty plea to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). We affirm the district court.
The district court’s finding that Norris’s car had a crack in the windshield, in violation of California Vehicle Code § 26710, is not clearly erroneous. Thus, we conclude that the officers had reasonable suspicion based on articulated facts that Norris was driving in violation of state law, justifying an investigatory traffic stop. United States v. Hensley, 469 U.S. 221, 226, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985); Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Given that officers knew that Norris was on parole and under investigation for possessing stolen property, including guns, the officers were justified in placing Norris in handcuffs during the stop. Alexander v. County of Los Angeles, 64 F.3d 1315, 1320 (9th Cir.1995) (“It is well settled that when an officer reasonably believes force is necessary to protect his own safety or the safety of the public, measures used to restrain individuals, such as stopping them at gunpoint and handcuffing them, are reasonable.”). The officers’ routine questioning of Norris during the stop was not improper, and after Norris’s false statements to the officers, it was reasonable to ask additional questions based on information learned during the course of the stop. United States v. Turvin, 517 F.3d 1097, 1102-04 (9th Cir.2008) (citation omitted); United States v. Richards, 500 F.2d 1025, 1029 (9th Cir.1974) (Terry stop lasting more than an hour did not violate the Fourth Amendment; the scope of inquiry and extended detention was justified by the police officers’ attempts to check the suspects’ unsatisfactory and evasive answers to routine questions). Norris’s initial detention during the traffic stop and subsequent transport to a nearby park was not an unlawful arrest, because it was temporary and lasted no longer than necessary to effectuate the purpose of the stop. United States v. Mendez, 476 F.3d 1077, 1080-81 (9th Cir.2007); Florida v. Royer, 460 U.S. 491, 500, 504-05, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983) (identifying “safety and security” as reasons that would “justify moving a suspect from one location to another”) (plurality opinion). However, considering the totality of the circumstances, his subsequent transport to his residence and continued detention in the patrol vehicle during the parole search of his house converted his detention into an arrest. Nonetheless, the arrest was lawful and supported by probable cause, because Norris (1) lied to the police officers about his prior arrests, (2) lied about his parole status, and (3) made *524 statements evidencing that he had violated the terms and conditions of his parole by not previously informing his parole officer that he had changed his address. See Sherman v. United States Parole Comm’n, 502 F.3d 869, 873 (9th Cir.2007) (“War-rantless arrests of parole violators are also valid.”).
Given the terms of Norris’s parole, the parole search of Norris’s residence was reasonable. See Samson v. California, 547 U.S. 843, 849-56, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006); Cal.Penal Code § 3067(a), (b).[1] Officers also had probable cause to believe that Norris lived at the house they searched, because he was observed at the house, Norris initially • told officers he lived at the address, and residents of the house confirmed that Norris lived in the upstairs bedroom. See United States v. Howard, 447 F.3d 1257, 1262 (9th Cir.2006) (citing Motley v. Parks, 432 F.3d 1072, 1080 (9th Cir.2005) (en banc)). To effectively execute the parole search, officers acted reasonably, under the circumstances, in forcing open the locked door and closet in Norris’s bedroom. Given the particular facts of this case, damage to the door jam and closet door was necessary and not so excessive as to violate Norris’s Fourth Amendment rights. See United States v. Becker, 929 F.2d 442, 446 (9th Cir.1991).
Norris makes no argument that the federal law enforcement officers conducting the search of Norris’s residence were acting outside of their jurisdictional authority. Additionally, the district court did not clearly err in finding that Riverside Police officers, participating as part of a multi-jurisdictional, multi-agency Parole and Corrections Team, were acting within their authority under a countywide mutual aid agreement.
The evidence seized during the lawful parole search of Norris’s residence and Norris’s subsequent admission at the police station (after his arrest and waiver of Miranda rights), that he owned the ammunition found in his closet, do not require suppression. Such evidence was not the product of illegal governmental activity. United States v. Pulliam, 405 F.3d 782, 786 (9th Cir.2005).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Although law enforcement officers did not need reasonable suspicion to effect the parole search, Samson, 547 U.S. at 857, 126 S.Ct. 2193, we conclude that the parole search in this case was not a suspicionless search.