
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PACIFIC MARINE CENTER, INC.; SONA VARTANIAN, | No. 12-15783 |
| Plaintiffs - Appellants, | D.C. No. 1:09-cv-01409-LJO-JLT |
| v. | MEMORANDUM[*] |
| SCOTT SILVA; TOM WILSON; CHRIS WAGNER; DAN AYALA; KEVIN BUCHANAN; GIDEON COYLE; GEORGE IMIRIAN; DAN HORSFORD; EDWARD ESSEGIAN, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California, Fresno
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 15, 2014 [**]
San Francisco, California

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Pacific Marine Center, Inc. and Sona Vartanian appeal from the district court's grant of partial summary judgment in favor of California Department of Motor Vehicles investigators Scott Silva, Tom Wilson, Dan Ayala, Kevin Buchanan, Dan Horsford, Gideon Coyle, and Christopher Wagner; Fresno city police officer George Imirian; and Madera County deputy sheriff Edward Essegian (collectively "officers"). They also appeal from the court's subsequent entry of judgment in favor of all officers following a jury verdict in Essegian's favor on the sole claim left open by the court's partial summary judgment order. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**I**

**A**

Appellants contend the district court erred in granting partial summary judgment by concluding that Investigator Silva did not procure the search warrant through judicial deception. To prevail on a claim of judicial deception, Appellants "must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009) (internal quotation marks omitted). Investigator Silva's omission of his informants' hostile relationship with Pacific Marine was not material, because their statements contained sufficient independent

2

indicia of reliability. *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1126–27 (9th Cir. 1997).

**B**

The search warrant alleges that Investigator Silva had probable cause to believe that he would find property that was "Stolen or Embezzled." Appellants assert that the facts set forth in the probable-cause affidavit did not support an essential element of the crime of embezzlement. But "a warrant can be held to be valid when an affidavit provides probable cause that a law *other than the statute specified in the affidavit* has been violated." *United States v. Nguyen*, 673 F.3d 1259, 1264 n.2 (9th Cir. 2012) (emphasis added); *see also United States v. Meek*, 366 F.3d 705, 713 (9th Cir. 2004) ("Because the affidavit established probable cause as to *a* violation of California law and the items sought under the warrant corresponded to that probable cause determination, the statutory variance in the affidavit is not fatal to the warrant's validity." (emphasis added)). The information contained in Investigator Silva's probable-cause affidavit was more than sufficient for the issuing magistrate "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there [was] a fair probability that contraband or evidence of a crime"—be it embezzlement or

some lesser theft crime—would be found at the Pacific Marine corporate offices. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

## II

Appellants further maintain that the district court erred in holding that the officers did not violate clearly established law in destroying property, detaining Vartanian, and displaying unreasonable force in executing the search warrant. In applying the qualified immunity doctrine, we need not determine whether a Fourth Amendment violation occurred if an officer did not violate clearly established law. *Cameron v. Craig*, 713 F.3d 1012, 1021 (9th Cir. 2013) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

## A

Appellants argue the district court erred in granting summary judgment on their claim for unreasonable destruction of property because the evidence presented a "clear-cut question of fact" whether the officers' actions were unreasonably destructive. The officers here could reasonably have understood that clearly established Ninth Circuit law permitted their relatively minor destruction of property in executing the search warrant. *See United States v. Becker*, 929 F.2d 442, 446–47 (9th Cir. 1991) (holding reasonable officers' use of a jackhammer to search underneath a concrete slab on suspects' property where "the agents had

4

ample reason to believe that the concrete slab was being utilized to hide the very evidence they were legally on the premises to find"); *United States v. Offices Known as 50 State Distributing Co.*, 708 F.2d 1371, 1374, 1376 (9th Cir. 1983) (holding destruction of property not unreasonable where officers seized vanloads of materials, broke down a door after several unsuccessful attempts to locate a key, and damaged an automatic filing machine while executing a justifiedly broad search warrant for business records revealing fraudulent business activity). The district court did not err in granting the officers qualified immunity on this claim. *See Stanton v. Sims*, 134 S. Ct. 3, 4 (2013) ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (internal quotation marks omitted)).

**B**

Appellants similarly contend that the reasonableness of Vartanian's detention was an issue of fact the court should have submitted to a jury. We disagree. In light of the existing law in 2009, a reasonable officer would not have known it was unlawful to deny a business detainee's single bathroom request or two requests for water over the course of four hours. *See Ganwich v. Knapp*, 319

5

F.3d 1115, 1120 (9th Cir. 2003) (holding that officers' detention of a business's employees in a waiting room for as long as four hours and forty-five minutes while they executed a search warrant was "lawful under the Fourth Amendment," where doing so "ensured that employees were on the premises to assist officers in case they needed (for example) a door or cabinet unlocked"). The district court therefore did not err as a matter of law.

## C

Appellants maintain that the officers displayed unreasonable force by arriving at Pacific Marine in SWAT gear and carrying shotguns or rifles. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Appellants offered no evidence that any of the officers were aware of the actual risk (or lack thereof) they faced in executing the search warrant at Pacific Marine. In view of the officers' uncertainty about the environment they would encounter in executing the search warrant, the officers' protective attire was objectively no greater than necessary under the circumstances. *See Tekle v. United States*, 511 F.3d 839, 844–45 (9th Cir. 2006) ("In determining whether the force used was reasonable, we must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests

6

against the countervailing governmental interests at stake." (internal quotation marks omitted)).

## III

Appellants appear to contend that the district court's grant of summary judgment on their claims for unreasonable detention, destruction of property, and display of force deprived them of the right to introduce evidence of those claims at trial to establish that Officer Essegian subjected Vartanian to excessive force during the search. The record shows that Appellants never made an offer of proof before the district court at trial regarding the admissibility of such evidence, aside from their attempt to "reraise" their unreasonable-detention claim just before trial. At trial, however, Appellants successfully elicited testimony, without objection, regarding Vartanian's detention, the officers' attire, and the damaged surveillance system. To the extent Appellants contend the jury should have heard additional evidence of these theories of defense, they forfeited that issue on appeal by failing to make an offer of proof at trial and raise this issue in their opening brief on appeal. *See Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (internal quotation marks omitted)); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 689 (9th Cir. 2001) ("Because Plaintiffs failed to make an offer of

7

proof, or otherwise attempt to introduce [evidence at issue], Plaintiffs cannot

challenge the exclusion of that evidence on appeal.").

    **AFFIRMED.**