*1206 MOORE, District Judge:
I.
In this case, the United States (“Government”)appeals the district court’s order suppressing evidence obtained during an interview of David Salisbury conducted by a Special Agent from the Tennessee Valley Authority Office of the Inspector General (“OIG”). Mr. Salisbury was indicted under 18 U.S.C. § 1101 for submitting false information regarding his eligibility for temporary living expenses. We decline to reach the merits and dismiss the appeal for failure to comply with the certification requirements of 18 U.S.C. § 3731.
II.
Mr. Salisbury was indicted after being interviewed by an OIG Special Agent. On May 5, 1997 the district court held a hearing on Mr. Salisbury’s Motion to Suppress the evidence obtained during that meeting. The district court advised the parties that it intended to suppress the Government’s evidence and on May 7 entered an Order and Memorandum Opinion to that effect. On June 2, the Government filed a Motion to Reconsider which the court denied on June 16. The Government timely filed a Notice of Appeal, but neglected to certify, pursuant to 18 U.S.C. § 3731, that the appeal was not undertaken for delay and concerned evidence of a material fact in the proceeding. The clerk of this court informed the Government that it had not filed the Section 3731 certificate and on August 14, one month after its Notice of Appeal, the Government filed that document.
III.
Whether the government should be permitted to proceed on appeal when it neglects to file timely the certification required by 18 U.S.C. § 3731 is an issue of first impression in this circuit. The Fifth and Tenth Circuits have dismissed appeals when the government has not complied with the certification requirements of 18 U.S.C. § 3731.[1] See United States v. Carrillo-Bernal, 58 F.3d 1490, 1497 (10th Cir.1995); United States v. Hanks, 24 F.3d 1235, 1239 (10th Cir.1994); United States v. Miller, 952 F.2d 866, 876 (5th Cir.1992). We agree with and adopt the rationale of our sister circuits.
18 U.S.C. § 3731. governs appeals by the government in criminal cases. Among other things, it permits the government to appeal a district court decision or order suppressing evidence “if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.” 18 U.S.C. § 3731. While the statutory language appears mandatory, compliance with the certification requirement is not considered a jurisdictional issue. See United States v. Eccles, 850 F.2d 1357, 1358 (9th Cir.1988); United States v. Crumpler, 507 F.2d 624, 624 (5th Cir.1975); United States v. Welsch, 446 F.2d 220, 224 (10th Cir.1971).
It is clear that noncompliance with Section 3731’s certification requirement does not rob this court of jurisdiction; rather, a failure to certify is treated as a filing irregularity. Federal Rule of Appellate Procedure 3(a) governs defects in the filing process and provides that such irregularities are “ground[s] only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.” Fed. R.App.P. 3(a) (1998). Thus, how we treat failures to comply with Section 3731’s certification requirement is a discretionary matter. Like our sister circuits, we believe that the certification requirement “is not a mere formality.” United States v. Herman, 544 F.2d 791, 794 (5th Cir.1977); see also Carrillo-Bernal, 58 F.3d at 1493.
*1207 The certification requirement imposed by Section 3731 serves the very important purpose of ensuring that the prosecutor carefully analyzes the case before deciding to appeal. See Hanks, 24 F.3d at 1239; Herman, 544 F.2d at 794, n. 4. Certification to the district court forces the prosecutor to represent that she has, in fact, thoroughly and conscientiously considered the decision to appeal. By forcing the prosecutor to take these pre-appeal steps, Section 3731’s certification requirement furthers the vital underlying goal of preventing needless delay and prolonged worry in criminal proceedings. See Carrillo-Bernal, 58 F.3d at 1492-97; Miller, 952 F.2d at 875.
In the instant case, the Government certified the propriety of its appeal one month after it filed its notice of appeal. Obviously, the purpose of the certification process is defeated when the prosecutor files her representation after initiating the appeal. See Miller, 952 F.2d at 875; Hanks, 24 F.3d at 1239. In response, the government offers three arguments.
First, the Government argues that Mr. Salisbury suffered no harm from any delay the appeal may have caused because he was not incarcerated while the appeal proceeded. This position ignores the fact that pre-trial release is still a deprivation of liberty and the burden of an impending trial weighs heavy on the mind of the accused. See United States v. Loud Hawk, 474 U.S. 302, 311, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986); Carrillo-Bernal, 58 F.3d at 1493; Hanks, 24 F.3d at 1238.
Second, • the Government contends that its delinquency should be excused because the Assistant United States Attorney assigned to the case was out of town and another prosecutor unfamiliar with the case filed the appeal. Simple negligence, like not ensuring that the certification is properly filed even if the responsible attorney is out of town, cannot excuse noncomplianee with the express mandate of the statute. Cf., Carrillo-Bernal, 58 F.3d at 1493 (refusing to excuse late certification because the prosecutor in charge was very busy).
Third, the Government argues that even though it failed to certify properly, the decision to appeal was based on a conscientious pre-appeal analysis. While the responsible prosecutors may have complied with the spirit of the statute, nothing in the record supports this position. We cannot accept such a naked assertion as sufficient.
IV.
We believe the purpose underlying Section 3731’s requirement is thwarted when the government certifies the propriety and weight of its appeal after it has initiated the appeal. Absent some compelling justification, we shall decline to hear such appeals.
Accordingly, we DISMISS the appeal.

. The Ninth Circuit announced a similar approach, See United States v. Eccles, 850 F.2d 1357 (9th Cir.1988), but has more recently retreated from that position. See United States v. Becker, 929 F.2d 442 (9th Cir.1991). The Eccles court declared dial it would no longer accept section 3731 appeals unless properly certified, although it felt compelled by precedent to permit the government to proceed in the case before the court. Eccles, 850 F.2d at 1359-60. Three years later, the Becker court allowed an appeal even though the government had not complied with the certification requirement. Becker, 929 F.2d at 444-45.