[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10849
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-00322-AT-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

SANTAS HERNANDEZ,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 15, 2015)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

The government appeals the district court's grant of a pretrial motion to

exclude evidence under Rule 404(b).  The government argues that the district court

abused its discretion by concluding that the evidence of Santas Hernandez's uncharged conduct involving a minor, G.R., was not intrinsic to the offenses against minor N.V., for which she was indicted.  After careful consideration, we affirm the district court's ruling.[1]

## I.

Ms. Hernandez was indicted in 2012 for one count of sex trafficking of her minor niece (N.V.), in violation of 18 U.S.C. § 1591(a), (b)(2); and one count of transporting a minor (again, N.V.) for purposes of prostitution, in violation of 18 U.S.C. § 2423(a).  The government alleged that Ms. Hernandez took N.V. to Mexican cantinas in Georgia and Alabama to meet men for commercial sex.  In

---

[1] The government has made two motions to this Court: first, to supplement the record on appeal, and second, to file an exhibit to that motion under seal.  As to the first motion, we rarely supplement the record on appeal, but it is within our sound discretion to do so.  *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000).  Here, the government seeks to supplement the record with transcripts, videos, and reports from interviews with N.V. and G.R., as well as with emails between the district court and the parties.  The record already reflects the relevant content of the emails, *see* Doc. 215 at 23-26 (throughout this opinion, citations to "Doc." refer to entries in the district court docket), and the government has already sufficiently described G.R.'s potential testimony.  *See, e.g.*, Doc. 214 at 2-4.  Accordingly, we do not think it necessary to supplement the record on appeal, and we deny the government's motion. *See CSX Transp.*, 235 F.3d at 1330 ("A primary factor which we consider in deciding a motion to supplement the record is whether acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of the pending issues.").

As to the second motion, "[w]e have discretion to determine which portions of the record should be placed under seal, but our discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1225 (11th Cir. 2013).  Because the documents contain sensitive information about N.V. and G.R. when they were minors and their full names, and it appears that the facts of this case have not been widely reported, we conclude that the parties' interests weigh in favor of sealing the records.  In addition, the district court sealed these records, and a contrary ruling in this Court would vitiate the district court's decision.  The government's Motion to Supplement the Record on Appeal is DENIED.  The government's Motion to File Exhibit Under Seal is GRANTED.

2014, a superseding indictment charged Ms. Hernandez with one count of recruiting, enticing, harboring, and transporting a minor who would engage in a commercial sex act, in violation of 18 U.S.C. § 1591(a) and (b)(2), and one count of transporting a minor in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2423(a).  Again, N.V. was the only minor mentioned in the indictment.

After a series of continuances, the trial was set to begin on Monday, January 26, 2015.  On January 23, the Friday before trial, the government informed defense counsel that it had discovered a new witness, G.R.  That same day, district court held a telephone conference to discuss the witness's testimony.  The government explained that N.V. revealed for the first time in a pre-trial interview on January 21 that a 12 or 13-year-old friend from her school, G.R., had accompanied N.V. when Ms. Hernandez took her to bars in Atlanta and to get identification with false birth dates.  The government contacted G.R. immediately and interviewed her the next evening.  The government represented to the district court that G.R. could testify that: Ms. Hernandez had taken the girls to Mexican cantinas in Atlanta to dance with men for money; at one of the clubs, G.R. had overheard Ms. Hernandez tell N.V. to look for men with money to have sex with, and N.V. had responded "no"; Ms. Hernandez had similarly told G. R. she could earn money by having sex with

3

men; and Ms. Hernandez had taken G.R. and N.V. to obtain fake identification to gain entry into bars.

During the telephone conference, the district court questioned the government about the scope of its prior efforts to elicit information from N.V. and asked why G.R.'s involvement had not come to light during the years-long pendency of the case. The lead prosecutor responded that the government did not conduct a preparatory interview with N.V. before the indictment was filed. He met briefly with N.V. pre-indictment, but his office's practice "is not to do another full-on interview that could produce more Jencks Act material and inconsistent statements" until pre-trial preparations. Tr. of Tel. Conf., Doc. 214 at 13-14. The prosecutor also stated that he wished to avoid traumatizing the victim by making her repeat her story multiple times and that it was not unusual for victims to disclose more information right before trial, as they become more comfortable.

Later on Friday evening, the district court ruled that G.R.'s testimony would be admitted, but only on two topics: (1) G.R. overheard Ms. Hernandez tell N.V. that she needed to find men to have sex with for money, and (2) she was present when Ms. Hernandez took N.V. to get fake identification in order to enter bars. The court ruled that the remainder of G.R.'s proposed testimony was extrinsic evidence governed by Rule 404(b), and it could not be presented because the government had failed to provide sufficient notice and had failed to meet the good

cause excuse standard of Rule 404(b)(2)(B).  The court ordered Ms. Hernandez's attorney to ask her whether she still objected to a continuance.

The next day, defense counsel informed the district court that Ms. Hernandez would not agree to a continuation and wished to proceed with trial.  On Sunday, January 25, the government filed a motion for reconsideration of the Rule 404(b) ruling.  Before trial on Monday, the district court orally denied the motion, and the government announced its intention to file an interlocutory appeal of the ruling.  The district court halted the planned trial and released a written order denying the government's motion a week later.  The order articulated the district court's conclusion that G.R.'s excluded testimony—regarding her own separate interactions with Ms. Hernandez—was not intrinsic because:

> [T]he instant case for two and a half years has been litigated and presented as a single victim case. The indictment makes no reference to other alleged victims beyond N.V. nor does it in any form suggest that [Ms. Hernandez] engaged in a pattern and scheme of sexual enticement conduct toward minors that would render G.R.'s testimony inextricably intertwined with the charged offense conduct.  Nor is G.R.'s testimony necessary to telling or explaining the story of the charged offenses relating to N.V., as the Government indeed was prepared to present the case until the last moment without this evidence.

Doc. 219 at 15.

The court further explained that its ruling "allows the introduction of admissions or statements against interest directly concerning N.V. made by [Ms. Hernandez] that G.R. overheard but excludes testimony concerning 'other bad

5

acts' toward G.R. herself that have not properly been disclosed." *Id.* Additionally, the court found that the government had not, as required by Rule 404(b), provided reasonable pre-trial notice of its intent to use G.R.'s testimony nor had it shown good cause to justify that failure.[2] *Id.* at 16. The court determined that the government had not been diligent because information about other witnesses was crucial to the government's case, and the government could have discovered G.R.'s involvement earlier had it conducted earlier in-depth interviews. *Id.* at 17-18.

## II.

We review the district court's decision to admit or exclude evidence for an abuse of discretion. *United States v. Reeves*, 742 F.3d 487, 501 (11th Cir. 2014). We will affirm an evidentiary decision unless the district court made a clear error of judgment or applied the wrong legal standard. *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc). The abuse of discretion standard gives district courts considerable leeway; they have a range of choice about whether to admit or exclude evidence. *Id.* at 1258-59. "The size of that range—the amount of discretion accorded—depends on the issue being decided by the court. We recognize a significant range of choice for the district court on evidentiary issues, which is to say we defer to its decisions to a considerable extent." *United States v.*

---

[2] Under the district court's standing scheduling order, the government was required to give the defense notice of any Rule 404(b) evidence at least 14 days before trial.

*Brown*, 415 F.3d 1257, 1265 (11th Cir. 2005). "Inherent in this [abuse of discretion] standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury." *United States v. Jernigan*, 341 F.3d 1273, 1285 (11th Cir. 2003). "[A]ll doubt should be resolved in favor of admissibility" if the proffered evidence has substantial probative value and does not tend to prejudice or confuse the jury. *United States v. Todd*, 108 F.3d 1329, 1332 (11th Cir. 1997).

### III.

We first address the defendant's motion to dismiss this appeal based on a procedural defect. In filing this interlocutory appeal, the government invoked 18 U.S.C. § 3731. The statute requires that "the United States attorney certif[y] to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding." 18 U.S.C. § 3731. The certification requirement is intended to ensure that the government thoroughly and conscientiously considers its decision to appeal and to "prevent[] needless delay and prolonged worry in criminal proceedings." *United States v. Salisbury*, 158 F.3d 1204, 1207 (11th Cir. 1998). The statute instructs that "provisions of this section shall be liberally construed to effectuate its purposes." 18 U.S.C. § 3731.

7

Ms. Hernandez argues that the government's § 3731 certification was insufficient, and thus the appeal should be dismissed, because the acting United States Attorney himself did not sign the notice.  Instead, although the certification contained the acting U.S. Attorney's signature block, it was signed on his behalf by an Assistant U.S. Attorney and a Special Assistant U.S. Attorney.  The government argues that although the acting U.S. Attorney did not personally sign the certification, the notice of appeal properly indicates that he made the necessary certification.

We have never decided whether a U.S. Attorney personally must sign a § 3731 certification for it to become effective.  The Ninth Circuit has held that a § 3731 certification must be personally made by a U.S. Attorney, not by an assistant.  *United States v. W.R. Grace*, 526 F.3d 499, 506 (9th Cir. 2008) (en banc); *see also United States v. Jefferson*, 623 F.3d 227, 230 (5th Cir. 2010) (holding that an appeal was proper under § 3731 when "United States Attorney Jim Letten filed the proper certification.").

But even if the certification was insufficient here, we have held that § 3731 certification defects are non-jurisdictional.  *Salisbury*, 158 F.3d at 1206.  Dismissal because of such defects is therefore discretionary.  *Id.  Salisbury* instructs that we need a compelling justification to hear a case when the government does not comply with the certification requirements, *id.* at 1207, but several factors counsel

8

against dismissing this appeal.  First, the government has indicated at several points that the acting U.S. Attorney had, in fact, considered the decision to file an appeal, consistent with the policy objectives of § 3731.  *See* Not. of Appeal at 1 (stating that the acting U.S. Attorney certified the appeal); Doc. 215 at 14 (informing the district court that the acting U.S. Attorney had decided to file an appeal).[3]  Second, this case is distinguishable from *Salisbury*.  Here, the government attempted to file a certification by noting in the notice of appeal that the acting U.S. Attorney certified the appeal, whereas the government filed no certification with the notice of appeal in *Salisbury*.  158 F.3d at 1206.  Given these indicia that the acting U.S. Attorney "carefully analyze[d] the case before deciding to appeal," *id.* at 1207, we think that dismissal in this case is inappropriate.[4]

## IV.

Next we consider the government's challenge to the district court's evidentiary ruling.  Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove a defendant's character and to show action in conformity with that character, though such evidence may be admitted for other purposes.  Evidence of criminal activity other than the charged

---

[3] The government filed a certification signed by the acting U.S. Attorney himself in May 2015.  Although it was filed after the notice of appeal and outside the 30-day appeal period for § 3731, it serves as further indication that the government recognized the seriousness of the certification.

[4] Accordingly, Ms. Hernandez's motion to dismiss for lack of jurisdiction is DENIED.

offense is intrinsic, and therefore not subject to Rule 404(b), if it is evidence: (1) of an uncharged offense that arose out of the same transaction or series of transactions as the charged offense; (2) that is necessary to complete the story of the crime; or (3) that is inextricably intertwined with evidence regarding the charged offense. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

Here, the district court determined that the portions of G.R.'s proffered testimony regarding Ms. Hernandez's instructions to N.V. and taking N.V. to obtain false identification were intrinsic evidence because they were inextricably intertwined with the charged conduct. This appeal challenges the district court's decision to exclude the remainder of G.R.'s testimony, relating to Ms. Hernandez's conduct directed toward G.R.

## A.

The government argues that G.R.'s testimony was admissible because it met all three indicia of intrinsic evidence described in *Edouard*: it was inextricably linked to the charged conduct, it arose from the same series of transactions as the charged offense, and it was necessary to tell the story of the crime. Essentially, the government argues that G.R.'s proffered testimony is intrinsic because it involved conduct by Ms. Hernandez that was very similar to the charged conduct and occurred contemporaneously with the charged conduct at a Mexican cantina where N.V. was present. The district court concluded that because the case was charged

10

as a single-victim crime, rather than a scheme, evidence showing similar conduct toward another victim who does not appear in the indictment is extrinsic character evidence subject to Rule 404(b).

Regarding its argument that the testimony is inextricably linked, the government asserts that the district court abused its discretion by misapplying our unpublished decision in *United States v. Williams*, 564 F. App'x 568 (11th Cir. 2014). In *Williams*, we affirmed a district court's decision to admit evidence of uncharged conduct showing that the defendant provided drugs to and engaged in sexual activity with minor girls who were named in the indictment and were involved in the charged prostitution scheme. We held that the evidence was inextricably intertwined with the charged conduct, particularly given that the charges "include[] an essential element that can be proven with evidence that Williams enticed the minors to participate in acts of prostitution." *Id.* at 574. The government also relies on another unpublished opinion, *United States v. Fuertes*, 435 F. App'x 802, 810 (11th Cir. 2011), where we affirmed a district court's decision to admit a jail phone call in which the defendant admitted that he was a pimp and identified his lead prostitute. We held that the evidence was inextricably linked because the testimony was directly relevant to the charges against the defendant and corroborated the testimony of the victim named in the indictment.

*Williams* and *Fuertes* are not binding precedent, nor are they persuasive in this case. In both decisions, we affirmed a district court's admission of testimony, whereas here we are faced with a ruling that excludes testimony. Given that we review evidentiary decisions for an abuse of discretion, the analysis in *Williams* and *Fuertes* is not squarely applicable to this case. More importantly, both *Williams* and *Fuertes* involved testimony that was directly related to the charged conduct and to other testimony in the case. Here, however, the district court only excluded testimony that did not involve N.V., her testimony, or the charged conduct.

We think that the district court's ruling that the testimony was not inextricably linked to the charged conduct did not amount to an abuse of discretion. The transcript of proceedings and the district court's written order demonstrate that the district court applied the proper legal standards, and we see no clear error in judgment in the court's ruling. The district court made a reasonable judgment based on the court's superior experience with the history of the case, particularly the government's theory of guilt and how G.R.'s testimony fits into that theory. *See Brown*, 415 F.3d at 1265 ("[T]he district court's role in presiding over trial proceedings means the district court is in the best position to decide the matter. . . . [A] trial judge has an advantageous familiarity with the proceedings and may have insights not conveyed by the record about the evidence and the

12

issues relating to it." (internal quotation marks omitted)).  Although Ms. Hernandez's alleged statements to G.R. occurred concurrently with the charged conduct, a temporal nexus is insufficient to render testimony inextricably intertwined.  The government further argues that the similarity between the charges and Ms. Hernandez's statements to G.R. mean the testimony is inextricably intertwined.  But we agree with the district court that the circumstances of this case—which was charged and prosecuted as a single-victim crime—mean that evidence showing a similar *modus operandi* employed against another victim is not inextricably intertwined with the charges, but rather is classic Rule 404(b) evidence of other bad acts.  *Cf. United States v. Miller*, 959 F.2d 1535, 1538-39 (11th Cir. 1992) (evaluating other crimes evidence showing a similar *modus operandi* under Rule 404(b)).

For similar reasons, we reject the government's argument that G.R.'s testimony was part of the same transaction as the charged conduct.  The government's theory of the case has defined the "transaction" on which the charges were based in relation to N.V.—the indictment only referred to N.V. and did not charge Ms. Hernandez with a criminal scheme or pattern of conduct toward multiple victims.  The district court's ruling accounted for the government's theory and admitted all evidence directly relating to N.V. or necessary to corroborate N.V.'s testimony.  This is the sort of ruling that district courts are uniquely

positioned to make. Given the discretion that we afford to district courts on evidentiary matters, the court here did not clearly err by viewing Ms. Hernandez's conduct toward N.V. as a separate transaction from her conduct toward G.R.

Finally, G.R.'s testimony also does not qualify as "necessary to complete the story of the crime," *Edouard*, 485 F.3d at 1344, as G.R. can testify about the charged conduct and can corroborate N.V.'s testimony without discussing the excluded testimony. While G.R.'s excluded testimony undoubtedly would help the government in presenting its case, the necessity that is the hallmark of intrinsic evidence is absent here.

## B.

Next, the government argues that, even if the evidence in question is extrinsic, the district court erred in excluding the evidence under Rule 404(b). Rule 404(b)(2)(B) requires the government to give reasonable pre-trial notice of admissible 404(b) evidence it will use at trial. The district court has a standing order that requires notice no later than 14 days prior to trial. The government gave notice of G.R.'s proposed testimony less than three days before trial, and the district court concluded that the government failed to show good cause for its untimely disclosure.

14

This issue is now moot, however, because this appeal has delayed trial. On remand, the government again will have until 14 days before the new trial date to disclose any Rule 404(b) evidence.

C.

Finally, the government urges us to rule on Ms. Hernandez's Rule 403 objection to G.R.'s proposed testimony. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Ev. 403. Below, the defendant objected to G.R.'s testimony under Rule 403, arguing that "Ms. Hernandez will be prejudiced because she will not have an opportunity to adequately investigate this witness and challenge her testimony. For the same reason, [G.R.'s] testimony could easily confuse the issues and mislead the jury." Doc. 208 at 13. The district court reserved judgment on this objection because it excluded the evidence under Rule 404(b). Order, Doc. 219 at 3 n.2. To the extent the defendant's Rule 403 objection relied on the timing of the government's disclosure—and, as a result, Ms. Hernandez's inability to investigate G.R. or prepare a defense to her testimony—the issue is moot because the defendant has now had several months to conduct an investigation of G.R. during the pendency of this appeal. The defendant did not

15

flesh out (here or in the district court) other reasons why the jury may be confused by the evidence, and so our consideration of the Rule 403 objection is necessarily limited to the defendant's objection based on an inability to investigate.

## IV.

For the above reasons, we affirm the district court's ruling that portions of G.R.'s testimony are extrinsic evidence and subject to Rule 404(b).

**AFFIRMED.**